the patent, it is a fraud, and a Court of equity must set it aside.

I think that if the allegations of this bill are true, there is a case for relief within the principles of equity, and the demurrer to the bill must be overruled.

*A. W. Brazee*, District Attorney for United States.

*G. G. Symes*, for defendants.

--------●◄--------

# THE ATCHISON, TOPEKA & SANTA FE R. R. CO. *v.* JESUS M. LUJAN.

*(Supreme Court Colorado, December Term, 1882—Appeal from the County Court of Las Animas County).*

STOCK KILLED BY RAILROAD—APPRAISEMENT OF—PLEA IN ABATEMENT —WAIVER OF. The failure to have the value of stock killed by railroad company appraised as required by the statute, before bringing suit, may be pleaded in abatement of the action. But if answer be made and trial had upon the merits, the plea in abatement will be regarded as waived. Such defenses, being of a dilatory character, must be interposed at the earliest opportunity.

BECK, J. The appellee, Lujan, recovered a judgment against the appellant before a justice of the peace of Las Animas county, for the value of a horse alleged to have been killed by the cars of defendant. The railroad company appealed from this judgment to the County Court of said county, where, upon a trial *de novo*, plaintiff also recovered judgment. The railroad company brings the cause here for review, assigning for error that the finding and judgment of the County Court is contrary to the law and the evidence.

Two points are relied on for a reversal of the judgment.

*First*—That the plaintiff was not entitled to recover under the statute, which provides for the payment for stock killed by railroads (G. L. 1877, p. 850), because he did not comply with its provisions before commencing suit.

*Second*—That the judgment cannot be sustained on the theory of a common law liability, because the evidence does not disclose any proof of negligence on the part of defendant.

Section 3 of the act referred to requires the owner of the animal killed to make and deliver to an agent or officer of the

railroad within six months after the killing, an affidavit of ownership, etc. It further provides for an appraisement of the value of the animal killed, where, as in the present case, no price or sum is fixed by the act.

The plaintiff made the required affidavit of ownership, but the record does not show that, prior to bringing suit, he took the initiatory steps necessary for an appraisement of the value of his horse.

Our view of the case is, that section 2 of the act fixes the liability of railroad companies for stock killed by their engines and cars; and that section 3 was designed to regulate the procedure under the act, so as to afford these companies an opportunity in all cases to pay the fair value of the animals killed by their engines and cars without suit. The failure of the plaintiff, therefore, to have the value of the horse appraised before bringing suit might have been plead in abatement of the action. It does not appear, however, that the objection was made, either before the justice or in the County Court. The trial was upon the merits in both Courts, the defense relied upon being that the horse was not·killed by the cars of the defendant.

The omission, therefore, to set up or plead this matter in abatement of the suit must be regarded as a waiver of the objection. Such defenses, being of a dilatory character, must be interposed at the earliest opportunity.

The testimony as to the manner in which the horse was killed, although somewhat conflicting, is sufficient to sustain the finding and judgment of the County Court. The judgment will therefore be affirmed.

*Judgment affirmed.*

*Ex parte, Thatcher & Gast,* for appellant.