## GEORGE E. NORRIS *v.* E. A. SOWLES AND OTHERS.

*Chattel Mortgage.   N. Y. Statute.   Law of Place Governs.*
*Attaching Creditor.   Change of Possession.*

1. The mode of alienation of personal property is governed by the law of the place where the owner resides and where the property is situated, not affected by the rule requiring a change of possession; thus, a chattel mortgage executed in New York, and valid there, is valid here, when the owner comes into this State with the property.

2. After breach of condition the mortgagor has no attachable interest in the property.

3. A chattel mortgage is valid during one year under the N. Y. statute, requiring it to be refiled at the expiration of one year, irrespective of what is necessary to be done to keep it on foot for a succeeding year.

TROVER for taking two washing-machines and two ironing machines. Plea, not guilty. Trial by jury, September Term, 1884, ROYCE, Ch. J., presiding. Verdict ordered for the defendants. Counsel moved the court to order a verdict for the plaintiff, which was denied. The plaintiff's mortgage was executed in New York, where the parties to it resided, and where the property was situated. The plaintiff agreed that the mortgagor, Langworthy, could remove the property into this State.

*Wilson & Hall* for the plaintiff.

The mortgage being valid where it was executed, was valid in this State. R. S. N. Y. vol. 3, p. 143; 2 Session Laws, N. Y., 1879; *Taylor* v. *Boardman,* 25 Vt. 581; *Jones* v. *Taylor,* 30 Vt. 42; *Cobb* v. *Buswell,* 37 Vt. 337. The plaintiff's debt matured October 14, 1881; and after that time his title became absolute. 2 Wait Act. and Def. 165, 177; *Parshall* v. *Eggert,* 54 N. Y. 18. No refiling was necessary. 37 N. Y. 199. The right of action was complete. *Duncans* v. *Stone,* 45 Vt. 118; 2 Wait Act. and Def. 180. After default in payment the property was not attachable by the mortgagor's creditors. 2 Wait Act. and Def. 178; *Jones* v. *Taylor, supra; Champlain* v. *Johnson,* 39 Barb. 608; *Judson* v. *Edson,* 35 N. Y. 664; *Hall* v. *Samson,* 35 N. Y. 277; *Ferguson* v. *Lee,* 9 Wend. 259.

*E. A. Sowles, for the defendants.*

The N. Y. statute contemplates that the property shall remain within that State, or the lien is lost: 37 N. Y. 199; but here the mortgagee consented that the property might pass into Vermont. He thereby waived his lien. Jones Chat. Mort. 401, 466; 8 Mich. 143; 1 Kan. 259. The defendant Sowles acquired a valid lien by his mortgage. 27 N. Y. 268; 14 N. Y. 71; Jones Chat. Mort. 292. The bank made an attachment April 2, 1882, and the property was legally sold by defendant Halbert on execution. *Wood* v. *Doane,* 20 Vt. 612; *Maxham* v. *Place,* 46 Vt. 434; *Moore* v. *Moore,* 44 Vt. 85; *Hill* v. *Kendall,* 25 Vt. 528; *Murray* v. *Chadwick,* 52 Vt. 293; See Jones Chat. Mort. 1965; 7 Wall. 151; 35 N. Y. 657.

The opinion of the court was delivered by

POWERS, J. Section 9 of chapter 7 New York Revised Statutes declares mortgages of goods and chattels to be absolutely invalid against creditors and subsequent purchasers and mortgagees in good faith, unless accompanied by im-

mediate delivery and followed by actual and continued possession by the mortgagee, or unless the mortgage or a true copy thereof be filed in the proper office.

Sec. 12 of the same chapter provides that every mortgage filed as aforesaid shall cease to be valid, as against the creditors of the person making it, and against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless it be refiled as specified in that section.

The significant language of this section pertinent to the present inquiry is this : The mortgage "shall cease to be valid against creditors, etc., *after* the expiration of one year." The unmistakable meaning is *that during* the year the mortgage *is* valid, irrespective of the matters and things necessary to be done to keep it on foot for a succeeding year.

The property in question, therefore, could not be taken by the creditors of Langworthy in New York during the year, dating from April 15, 1881, the day the mortgage was registered. The plaintiff's mortgage debt matured October 14, 1881.

In New York, as here, a chattel mortgage duly executed and registered, vests the title in the mortgagee subject to the mortgagor's right of redemption at the time fixed in the condition. Failing to redeem the mortgagor's right is lost, at law, and the mortgagee gets an absolute title.

If the creditors of the mortgagor attach the chattel mortgaged, or subsequent mortgages of it be executed, such creditors and mortgagees take only the interest of the mortgagor in the chattel and hold it exposed to forfeiture for breach of condition by the mortgagor. After breach of condition the mortgagor has no attachable interest in the chattel. *Champlain* v. *Johnson,* 39 Barb. 608 ; *Judson* v. *Easton,* 52 N. Y. 664.

This court held in *Jones* v. *Taylor,* 30 Vt. 42, that a chattel mortgage executed in New York and valid there, with-

out a change of possession, would protect the property here against attachment, though found here in the possession of the mortgagor; and the court overruled the earlier case of *Skiff* v. *Solace*, 23 Vt. 279, holding a contrary doctrine.

The same doctrine was reaffirmed in *Cobb* v. *Buswell*, 37 Vt. 337, where the property mortgaged was brought to Vermont from New Hampshire by the consent of the mortgagee.

In some States a different rule prevails, but the law in this State is firmly established by the cases cited.

The doctrine of these cases is that the mode of alienation of property is governed by the law of the place where the owner resides and the property is situated; and the rule requiring a change of possession is a rule of local policy, not reaching to a title valid by the law under which it is vested. On this ground a subsequent mortgage in this State within the year following the execution of the plaintiff's mortgage, would give the mortgagee no better title than an attaching creditor could get.

The plaintiff's mortgage was duly executed and registered April 15, 1881. The Sowles and Burton mortgage in this State was executed June 1, 1881, within a year, and so is subordinated to the plaintiff's title; and the attachment by defendant Halbert was made April 3, 1882, within such year, and after the condition in the plaintiff's mortgage was broken. On the latter date the mortgagor, as already seen, had no interest in the property that could be attached.

It follows then that the plaintiff's motion for a verdict should have been granted.

The judgment is reversed and judgment is rendered on the verdict for the plaintiff for the sum of $544.66, and interest from September 19, 1884.