## No. 9896.

FLORA *v*. THE JULESBURG MOTOR COMPANY.

Decided November 8, 1920.

Action by mortgagee for possession of a motor truck. Judgment for defendant.

*Reversed.*

*On Application for Supersedeas.*

1. CHATTEL MORTGAGE—*Record in Foreign State—Removal of Property.*
   A motor truck was purchased in Colorado by a farmer living a few miles across the state line in Nebraska, and to secure the payment of the purchase price, he executed a chattel mortgage on the machine, which was recorded in Nebraska. In the transaction of his business, he drove the truck across the state line into Colorado from time to time. *Held*, that this did not constitute a removal in the sense in which that word is used in the cases on this subject; that the mortgage was properly recorded in Nebraska; and that the mortgage lien was superior to those afterwards acquired in Colorado.

*Error to the District Court of Sedgwick County, Hon. L. C. Stephenson, Judge.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. MUNSON & MUNSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

FLORA, plaintiff in error and plaintiff below, brought replevin against the Motor Company for a Ford truck.   The defendant had judgment.   Plaintiff comes here on error and moves for a supersedeas.

Plaintiff was a resident of Julesburg, which is a mile distant from the Nebraska line, and the defendant operated a garage in that place.   Stainbrook, a farmer, lived eight or ten miles over the line in Nebraska.   He bought a Ford truck of Flora at Julesburg and gave a chattel mortgage to secure the purchase price.   He took the truck to his house in Nebraska and Flora recorded his mortgage in that state. Stainbrook came to Julesburg with the truck from time to time to dispose of his produce and make purchases and for other ordinary purposes, which Flora knew.   Flora went to California and when he returned found the truck in possession of the defendant motor company.   They claimed it as a pledge for a debt of Stainbrook who had absconded. When the pledge was made the president of defendant company who transacted the business did not know where Stainbrook lived and so examined the records in Julesburg and found no mortgage.   Flora then brought the present suit, claiming right of possession by virtue of his chattel mortgage.

The question is whether the mortgage recorded only in Nebraska is superior to the lien of the Motor Company.

What force a mortgage recorded in another state may have under such circumstances is a matter of comity, subject to the legislation of the state in which the mortgage is sought to be enforced.   In this state we have no legislation on the subject and comity between the states, as interpreted by the various decisions of the courts, must therefore guide us in deciding this question.   There is great diversity in the decisions.   Some courts, including, we believe, the courts of Michigan, give a mortgage recorded only in

another state no force.  The courts of Vermont originally held substantially likewise, *Skiff v. Solace,* 23 Vt. 279, but afterwards repudiated that case and held that Vermont had no right to decline to enforce a title or lien valid in the state where it was created.  *Taylor v. Boardman,* 25 Vt. 581; *Jones v. Taylor,* 30 Vt. 42; *Cobb v. Buswell,* 37 Vt. 337; *Norris v. Sowles,* 57 Vt. 360.  The opinions in these cases present arguments of very great weight.

Some states hold that if the chattel is removed without the knowledge or consent of the mortgagee, comity requires that the mortgage be enforced,—but otherwise if with his knowledge and consent.  Strong arguments are presented for these conclusions.  The Federal courts seem to favor this rule.  *Hoyt v. Zibell,* 259 Fed. 186, 170 C. C. A. 254; *Shapard v. Hynes,* 104 Fed. 449, 45 C. C. A. 271, 52 L. R. A. 675.  The cases are gathered in 11 C. J., at p. 424.  See also 5 R. C. L. 400.

The plaintiff in error, without disputing these cases, claims that there was in the present case no removal of the truck from Nebraska; that an occasional transfer from time to time across the line for ordinary business purposes does not constitute a removal, and that therefore there is no reason why the mortgage should not be enforced and no case supporting the position of the defendant in error except those which hold that the mortgage is without any force outside of the state where it is recorded.  He cites *Peterson v. Kaigler,* 78 Ga. 464, 3 S. E. 655; *Handley v. Harris,* 48 Kan. 606, 29 Pac. 1145, 17 L. R. A. 703, 30 Am. St. Rep. 322, and *Shapard v. Hynes, supra.*

The defendant in error, on the other hand, says that this bringing of the truck into Julesburg from time to time on business constituted a removal, and that since Flora knew of the habit and made no objection he practically consented to it.  His citations are all cases where the removal was of a more or less permanent character.

We agree with the plaintiff in error on this point.  We do not decide whether the evidence is sufficient to show knowledge or consent on the part of Flora, nor whether if

there had been, with or without his consent, a removal of the truck to Colorado, the mortgage would have been good or bad, but we are of the opinion that driving the truck from time to time across the state line to Julesburg was not a removal in the sense in which that word is used in the cases on this subject. Some light on this point may be obtained from *Barstow v. Stone,* 10 Colo. App., 396, 405, 52 Pac. 48, and *Ware v. Schintz,* 190 Ill. 192, 60 N. E. 67, where the word "removal," referring to a trustee in a deed of trust, was held to mean a permanent and not temporary absence.

If ordinary use of an article as movable as a horse and wagon or automobile amounts to a removal of it from place to place, then under our ordinary forms of chattel mortgage a mortgagor in Englewood could not drive a mile north into Denver without subjecting his property to immediate foreclosure. A mortgagor in Denver could scarcely take an afternoon ride without the same result. It is so manifestly unjust that the mere crossing the state line in the ordinary use of a mortgaged chattel should subject the mortgage lien to other claims unless the mortgagee shall record the mortgage in every county in every state where the mortgagor is likely to go, that we are clear that comity requires us to hold that, under such circumstances, the mortgage lien remains superior to those afterwards acquired in this state.

The mortgage describes the property as situated in Deuel County, Neb., and it was understood that it was to be immediately taken there. Deuel County, then, was the proper place for record. *Stitt v. Spengel Co.,* 58 Colo. 559, 146 Pac. 770. The Colorado statute requires the mortgage to be recorded where the chattel is "situated." *Ib.* It is questionable whether to record it elsewhere would give constructive notice.

The judgment should be reversed with directions to enter judgment for the plaintiff.