No. 10,259.

THE WALLACE PLUMBING CO. *v.* DILLON.

Decided March 6, 1922.   Rehearing denied April 3, 1922.

Action to recover compensation for labor and materials furnished.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.  PLEADING—*Complaint—Reply—Departure.*  Where a complaint was for recovery on *quantum meruit,* and the replication admitted that a part of the material furnished and work performed, was under the terms of an express contract set out in the answer, there was no departure.

2.  EVIDENCE—*Contract.*  The plaintiff may introduce in evidence an express contract under a *quantum meruit* count.

3.  PARTIES—*Trade Name—Affidavit.*  An individual doing business under a trade name, must file an affidavit in compliance with the provisions of section 4778, R. S. 1908, before he can prosecute a suit for the collection of a debt; but it is not necessary that the affidavit be recorded.

    Affidavit in the instant case held insufficient.

4.  APPEAL AND ERROR—*New Trial—Issue.*  Where a cause is reversed on the ground that the plaintiff, an individual doing business under a trade name, has failed to file the affidavit required by section 4778, R. S. 1908, the only issue on a new trial is that of compliance with the statute, and the affidavit may be filed at any time prior to the new trial,

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. A. L. TAYLOR, for plaintiff in error.

Mr. E. H. STINEMEYER, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover compensation for work, labor and materials. There was a verdict and judgment for plaintiff. Defendant has sued out a writ of error, and the cause is before us on his application for a supersedeas.

The plaintiff in error, defendant below, contends that plaintiff's replication was a departure from the complaint, and for that reason ought to have been stricken upon his motion. The complaint is for recovery on a *quantum meruit* and alleges, in substance, that plaintiff performed services and furnished material upon a building, at the special instance and request of defendant, and that the services and material were reasonably worth the sum of $106.85. The replication, in so far as it is claimed that it is a departure, admits that a part of the work performed and material furnished was performed and furnished under an express contract, as pleaded in the answer.

There was no departure. As said in *Ford v. Rockwell*, 2 Colo. 376:

"When the contract has been performed the plaintiff may recover * * * the price of the services under an *indebitatus assumpsit,* * * *."

See also 5 C. J. 1386; 28 R. C. L. 691, sec. 27, note 18. A question regarding departure, identical with that here presented, was disposed of in *Northwestern Marble & Tile Co. v. Swenson*, 139 Minn. 365, 166 N. W. 406. There the complaint, as in the instant case, was upon a *quantum meruit*, the answer alleged an express contract, which the reply admitted. Held, no departure.

It is next contended that the court erred in permitting plaintiff to introduce in evidence the express contract relating to services. There is no merit in this contention,

and it may be disposed of in the language found in *Harvey v. D. & R. G. R. Co.*, 44 Colo. 258, 265, 99 Pac. 31, 33, 130 Am. St. Rep. 120, where this court said:

"The second cause of action stated in the complaint, was for services rendered and appliances and materials furnished to defendant at its special instance and request, and was broad enough to admit evidence of either an express or an implied contract."

In *Meyer v. Saterbak*, 128 Minn. 304, 150 N. W. 901, the court said that "the sensible and correct rule" is that a plaintiff may introduce an express contract under a *quantum meruit* count. See also *Toy v. Gong*, 87 Ore. 454, 170 Pac. 936; 5 C. J. 1409; 2 R. C. L. 773.

It is further contended, in effect, that the plaintiff is barred by the statute, hereinafter mentioned, from maintaining this action. The plaintiff is a sole individual, doing business under the name "Electrical Supply Company." Chapter 65, p. 248, Session Laws of 1897, section 4778 R. S. 1908, provides that any person doing business in a representative name "shall not be permitted to prosecute any suits for the collection of * * * debts," until the affidavit, described in the statute shall be filed. In the instant case the required affidavit was filed. This is conceded, but the contention is that the affidavit must also be "recorded," and because not recorded, the plaintiff could not maintain this action. Certificates of partnership must be recorded, because the statute relating to them provides that they "shall be recorded at large by the clerk in a book kept for that purpose." Sec. 4773 R. S. 1908. But the statute relating to affidavits of individuals doing business under a trade name makes no such requirements. It is enough if the instrument is filed and thereafter kept in the office of the county clerk and recorder, as appears was done in the instant case.

The affidavit in question, omitting language not material in this case, reads as follows:

"W. H. Dillon, * * * deposes * * * that he is the sole owner of the business known as Electrical Supply

Company, located at 502 Main Street, in the City of Canon City, Fremont County, Colorado.

W. H. Dillon."

This affidavit is insufficient, for two reasons: First, it does not give the full Christian name of the person represented by the Electrical Supply Company. Secondly, it does not give the address of such person. Both these requirements are contained in the statute above cited, and the failure of the affidavit to comply with them necessitates a reversal of the judgment.

It is not, however, necessary that there be a new trial as to any issue except this single one as to the filing of a proper affidavit. Plaintiff's failure to file the proper affidavit, if such is the fact, is merely a matter in abatement. *Rudneck v. Southern California M. & R. Co.*, 184 Cal. 274, 193 Pac. 775, 778. This conclusion is supported by *Rollins v. Fearnley*, 45 Colo. 319, 323, 101 Pac. 345, holding that a corporation may effectually pay the annual license tax after non-payment is pleaded; and, presenting evidence of the payment, preserve its standing in the pending suit. If upon a new trial it appear that plaintiff has filed, at any time prior to such new trial, the proper affidavit with the county clerk and recorder, it will be sufficient to warrant a judgment in his favor. This procedure is suggested in *Rudneck v. Southern California M. & R. Co.*, *supra.*

The judgment is reversed, and the cause remanded for new trial only upon the issue concerning the filing of the affidavit required by section 4778, R. S. 1908.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.