## No. 12,198.

ROCKY MOUNTAIN SEED COMPANY *v.* MCARTHUR.

Decided November 26, 1928. Rehearing denied December 24, 1928.

1

2

Mr. GEORGE B. CAMPBELL, for plaintiff in error.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, Mr. WILL SHAFROTH, Mr. ROLAND F. MARONEY, for defendant in error.

*En Banc.*

MR. JUSTICE WALKER delivered the opinion of the court.

On application for supersedeas.

PLAINTIFF in error was defendant, defendant in error plaintiff, in an action of replevin involving the possession of an automobile. Judgment was for the plaintiff below.

The plaintiff in the action claimed to be entitled to possession of the car under a chattel mortgage given by one W. C. Scott. The defendant below had caused the car to be taken in execution upon a judgment in its favor against Scott, and to be sold at constable's sale.

It appears from the pleadings and the evidence that the note secured by the chattel mortgage was originally due December 1, 1926. The mortgage was extended under the statute to the first day of July, 1927. Defend-

ant's execution was levied upon the car December 5, 1927, at which time it was taken into possession by the constable. The car remained in the constable's possession until the 7th day of January, 1928, when it was sold by him under the execution. Whether the sale was made to the defendant company, or to one Purcell, an employee of that company, was a disputed question. The plaintiff made no demand for possession, upon the constable, or upon the defendant, until the latter part of February, 1928, when a formal demand was made upon defendant for the possession of the car. On March 9, 1928, this replevin action was instituted.

The points for reversal, made by the defendant, are: (1) That the plaintiff, not having taken possession of the car, nor made any demand upon defendant for its possession, within the period of six months from July 1, 1927, lost his right to recover possession of the car under the chattel mortgage, as against the defendant, an execution creditor; (2) that the record of the chattel mortgage in Weld county was not notice to the defendant, because the property, at the time of the levy as well as prior thereto, was situate in Adams county; (3) that the evidence shows that the defendant was not in possession of the car, either at the time demand was made upon it for possession, or at the time of the commencement of the suit; and (4) that the court erred in continuing the cause after the completion of the testimony, to permit the plaintiff to make proof of the filing, since the trial began, of an affidavit, in compliance with section 2457, C. L. 1921, requiring such affidavit where business is carried on in a name not that of the proprietor.

1. Under the terms of the mortgage, and of the chattel mortgage act (Sec. 5092, C. L. 1921, as amended by S. L. 1925, p. 184), the plaintiff below, as the holder of the chattel mortgage, had six months from the date to which the lien of the mortgage was extended, in which to take possession of the mortgaged property, and during such period of time the mortgage was good and valid, the same

as if possession had been taken at maturity. It follows that, during that period, the mortgagee was at all times entitled to immediate possession of the mortgaged property. The seizure during that period, of the property, by the defendant, under an execution, was a violation of this possessory right of the mortgagee. By such seizure, there accrued to the mortgagee the right to replevy the property in the hands of the levying officer, and no demand was necessary in order to create this cause of action. 11 C. J., page 607, sec. 308, and numerous cases there cited. Since the mortgaged property was adversely taken, and so held, until the statutory period had expired, the defendant can not be heard to assert that the mortgagee lost his lien by his failure to take possession before the expiration of that period. *Bradford v. Roberts,* 46 Colo. 330, 104 Pac. 391; *Littell v. Brayton M. & A. Co.,* 70 Colo. 286, 201 Pac. 34. This, of course, is predicated upon a continuance in the defendant, up to the time of the institution of the replevin action, of the possession which was taken by him, or at his instance, before the expiration of the six months period, a fact which the court in this case found.

2. The evidence on behalf of the plaintiff showed that the car described in the chattel mortgage in question was, at the time of the execution of the mortgage, situate in Weld county; that Weld county was then the residence of the mortgagor; that the mortgage provided that the car should be kept in Weld county; and that its removal from Weld county to Adams county was without the knowledge or consent of the mortgagee. Under these circumstances, it is clear that Weld county was, under the statute, the proper county for the recording of the mortgage, and that such recordation constituted constructive notice to the defendant, although at the time of its levy the car was in Adams county. *Flora v. Julesburg Motor Co.,* 69 Colo. 238, 193 Pac. 545; *Walker v. Mathis,* 78 Colo. 384, 242 Pac. 68.

3. There was evidence, which we need not detail, from which the trial court might find that the constable's sale

was in fact made to the defendant, that the purported transfer to Purcell was colorable only, and that the defendant was, in fact, in possession of the car at the time of the commencement of the action. The judgment for the plaintiff settles this point in his favor.

4. The trial court's action with regard to the proof of compliance by plaintiff with section 2457, C. L. 1921, hereinabove mentioned, can not be complained of by the defendant. Noncompliance with that statute is matter in abatement. *Wallace Plumbing Co. v. Dillon,* 71 Colo. 224, 205 Pac. 950. Such matter must be pleaded in the answer. *Watson v. Lemen,* 9 Colo. 200, 11 Pac. 288; *Atchison, Topeka, etc., R. R. Co. v. Lujan,* 6 Colo. 338. See also *Illinois Sewing Machine Co. v. Harrison,* 43 Colo. 362, 96 Pac. 177. Defendant did not plead it in this action, and therefore was in no position to raise the objection upon the trial of the case. In so holding, we do not intimate that the statute cited, which by its terms penalizes noncompliance by barring the prosecution of suits brought to "collect debts," is applicable to an action of the nature of the one here under consideration.

The judgment is affirmed.

MR. JUSTICE BUTLER not participating.