No. 18,399.

ADMIRAL CORPORATION, DOING BUSINESS AS ADMIRAL DISTRIBUTORS, INC., *v.* TELEVISION SALES & SERVICE, INC.

(330 P. [2d] 1106)

Decided October 20, 1958. Rehearing denied November 17, 1958.

158

Messrs. HOLLAND & HART, Mr. PETER J. DOMINICK, Mr. JAY W. TRACEY, JR., Mr. W. JOSEPH SHOEMAKER, for plaintiff in error.

Mr. ALBERT LATHAM, JR., for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE parties appear in this court in the same order as they appeared in the trial court and we will refer to them as plaintiff and defendant.

Two actions were filed in the district court. The first action was dismissed. The second action involves consideration of a plea of res judicata. Stripped of nonessentials the facts in the first action are as follows: Plaintiff in its complaint alleged that it was a corporation "exist-

ing by virtue of the laws of the State of Delaware and is qualified to do business in the State of Colorado; that the Plaintiff is doing business under the name and style of Admiral Distributors, Inc., and Admiral Distributors." Plaintiff sought judgment in the amount of $8,273.94 based upon a check drawn by defendant for that amount, which was returned by the bank on which it was drawn marked "Insufficient Funds." A second claim sought judgment against defendant for $8,543.62 for merchandise allegedly sold and delivered to defendant by plaintiff.

The answer of defendant contained a seventh defense in the following form:

"That the Plaintiff has failed to comply with the provisions of the Colorado Statute and has failed to file a certificate as required by 1953 Colo. Rev. statute 141-2-1." This section provides that: "Any corporation existing under the laws of this state may transact all or a portion of its business under an assumed name * * *" upon filing a certificate in the offices designated, which certificate must set forth the information specifically mentioned in the statute C.R.S. 1953, 141-2-1 (2).

At the conclusion of the evidence offered by plaintiff, defendant's counsel orally moved the court for dismissal of the action. This motion was in the following language:

"MR. LATHAM: May it please the Court, at this time we would like to make a motion to dismiss on the following grounds: First, that the plaintiff has failed to prove any count or debt due. Second, that the plaintiff has failed to comply with the Colorado Statutes of 1953, Colorado Revised Statutes, Paragraph 141-2-1, in that it has filed no certificate to do business under an assumed or trade name in this state. Third, the assignment on which they allege their claim was by their witness immediately executed after the commencement of this suit. * * *"

In support of the ground that plaintiff had not filed the required certificate, counsel stated in part:

"In support of our second ground, we would like to point out to the Court that there is no evidence of any compliance by the plaintiff with the statutes of this state in regard to doing business in this state under an assumed trade name. This account being owned, as their direct testimony shows, by the Admiral Distributors Denver Division of the Admiral Corporation."

The court entered judgment of dismissal in the following form:

"IT IS ORDERED, ADJUDGED AND DECREED by the Court that this cause be, and hereby is, dismissed as between the said plaintiff and defendant, and that said defendant go hence hereof and have and recover of and from the said plaintiff, Admiral Corporation, its costs in this behalf laid out and expended, to be taxed; and have execution therefor."

The court unquestionably dismissed the action because the certificate required by the above-quoted statute had not been filed. This appears conclusively from the comments of the trial court at the time the motion to dismiss was granted. We quote therefrom the following:

"THE COURT: As to counsel's argument that the foreign corporation is exempt from the statute, I do not believe that point is well taken because the statute reads, in paragraph 2 thereof, that any corporation existing under the laws of this state—and a foreign corporation exists under the laws of this state the same as a domestic corporation; it cannot exist any other way—has to comply with the laws. By virtue of the foreign corporation laws it is permitted to exist and do business. It is further amplified by paragraph 4 of the statute which provides that any corporation doing business under an assumed name shall be liable in connection therewith to the same extent and in the same manner is if such business were transacted under its true corporate name. Such corporation may exist in connection therewith either in its true name or such assumed name.

"I think it is the intent of the legislature to cover all

corporations. Counsel has admitted that they have not complied with this section. The evidence overwhelmingly shows that this account was owned by the Admiral Corporation. The ledger sheets of the Admiral Corporation, the books of account, were kept by the Admiral Corporation. In view of that fact, the Court will grant the motion to dismiss and dispense with a motion for new trial; and if you care to appeal, you may have your appellate orders."

The specific ground upon which the court dismissed the action is made crystal clear by the statement of the judge in passing upon a subsequent motion to correct the judgment. The court said: "The Court dismissed it based upon the 7th defense that the plaintiff failed to comply with the provisions of the Colorado Statute and failed to file a certificate as required by the 1953 Colorado Revised Statutes, 141-2-1. That was the defense on which the Court dismissed the complaint. * * *" The penalty provide by the statute for failure to file the certificate is that, "such persons, associations and corporations, so trading and doing business shall not be permitted to prosecute any suits for the collection of their debts until such affidavit shall be filed * * *." No writ of error was sued out to review the above mentioned judgment.

After the entry of this judgment the required certificate was filed and a new action commenced in the district court upon the same claims forming the basis of the action which was dismissed under the circumstances above set forth. The answer of defendant to the new action contained a "second" defense as follows: "That the claims of the plaintiff as alleged in its complaint have been heretofore determined and are res adjudicata, having been determined in Civil Action No. B-629 in the District Court in and for the City and County of Denver, Colorado."

The subsequent action, being at issue, came on for pre-trial conference during the course of which counsel for defendant moved to dismiss the action on the ground

that the claims set forth in the plaintiff's complaint had theretofore been determined in the prior action, and that the subsequent complaint could not be heard because of the doctrine of res judicata. The trial court, at the pretrial conference, sustained the oral motion of defendant's attorney to dismiss the second action and states, inter alia, that, "it is the decision of this court that at the time of the first trial in this matter under the case number B-629 that there was a trial on the merits of the matter."

Judgment of dismissal was entered, and plaintiff, seeking relief therefrom, brings the cause to this court by writ of error.

Question to be Determined.

*Where an action brought by a corporation, doing business under an assumed name, is dismissed for the sole reason that it has failed to comply with statutory provisions requiring the filing of a certificate to authorize the doing of business under an assumed name; where the penalty for failure to comply therewith is that such corporation "shall not be permitted to prosecute any suits for the collection of their debts until such affidavit shall be filed"; and where the corporation, after such dismissal, complies with the statute; can it maintain a new suit upon the same claim, against a plea of res judicata?*

The question is answered in the affirmative. The only thing decided by the court at the time of the dismissal of the first action was that the plaintiff was without capacity to prosecute the action for the collection of the debt alleged to be due, by reason of its failure to file the required certificate. Failure to file the required certificate served only to abate the action during the time it remained unrecorded. In *Wallace Plumbing Co. v. Dillon,* 71 Colo. 224, 205 Pac. 950, this court said, inter alia: "Plaintiff's failure to file the proper affidavit, if such is the fact, is merely a matter in abatement. *Rudneck v. Southern California M. & R. Co.,* 184 Cal. 274, 193 Pac. 775, 778. This conclusion is supported by *Rollins v. Fearnley,* 45 Colo. 319, 323, 101 Pac. 345, holding that a

corporation may effectually pay the annual license tax after non-payment is pleaded; and, presenting evidence of the payment, preserve its standing in the pending suit. If upon a new trial it appear that plaintiff has filed, at any time prior to such new trial, the proper affidavit with the county clerk and recorder, it will be sufficient to warrant a judgment in his favor. This procedure is suggested in *Rudneck v. Southern California M. & R. Co.,* supra." See also *Rocky Mountain Seed Company v. McArthur,* 85 Colo. 1, 272 Pac. 1117.

■ The dismissal of an action based exclusively upon a defense which could only abate the action does not in any manner prejudice the right of the plaintiff to bring a second suit on the same claim once the defect which gave rise to the abatement of the first action has been cured. *Binsfeld v. Home Mut. Ins. Co.,* 245 Wis. 552, 15 N.W. 2d 828 (1944); *See v. Joughin,* 18 Cal. 2d 603, 116 P. (2d) 777 (1941); *Peterson v. Morris,* 119 Wash. 335, 205 Pac. 408 (1922). The trial court was in error in concluding that in the trial of the first case "there was a trial on the merits of the matter."

The foregoing disposes of the sole question presented in the briefs of counsel for the parties. No other question was presented to the trial court; however, in the deliberations of this court the question has arisen as to whether a foreign corporation can resort to court action to enforce its rights if it carries on its business in any name other than that adopted in the state where it is incorporated. Stated in other words, is it true that, in Colorado, only a domestic corporation may use an assumed name?

The pertinent statutory provisions are as follows: C.R.S. '53, 141-2-1 (2): "Any corporation *existing under the laws of this state* may transact all or a portion of its business under an assumed name upon filing in the offices of the secretary of state and in the office of clerk and recorder of each county in which it transacts or proposes to transact business under such assumed name a

certificate in respect to each of such assumed names setting forth the following: \* \* \*" (Emphasis supplied.)

C.R.S. '53, 31-10-8, which in pertinent part reads as follows: "No foreign corporation doing business in this state shall be allowed a *term of corporate existence* of any longer period than domestic corporations of like character. Every foreign corporation doing business in this state, as a condition to the *renewal of its corporate existence in this state,* shall be required to file a renewal certificate of *its corporate existence* and pay \* \* \*." (Emphasis supplied.)

C.R.S. '53, 31-10-2, which provides that foreign corporations which qualify to do business in Colorado, "\* \* \* shall be subjected to all the liabilities, restrictions and duties which are or may be imposed upon such corporations of like character organized under the general laws of this state, and shall have no other or greater powers." This latter section was amended by the legislature in 1955 to provide that "\* \* \* such corporation *shall have the powers* and shall be subject to the liabilities, restrictions and duties which are or may be imposed upon corporations of like character organized under the general laws of this state."

We are called upon to determine whether the legislature by the use of the phrase, "Any corporation *existing under the laws of this state*" intended to exclude foreign corporations from the right to "transact all or a part of its business under an assumed name." It would seem crystal clear that no such result was intended. The statutes above quoted (C.R.S. '53, 31-10-8 and C.R.S. 31-10-2) specifically recognize that a foreign corporation has a "corporate existence" in Colorado if it complies with the provisions of C.R.S. '53, chapter 31-10. With this conclusion the Supreme Court of Wisconsin agrees. In *State ex rel. v. Circuit Court,* 176 Wis. 198, 186 N.W. 732, it said, inter alia:

"The corporation could not have legally carried on business in Wisconsin until it complied with our statute

regulating the admission of foreign corporations to do business in this state. After such compliance, it became a corporation existing under the law of this state. In the various subdivisions of the statute there is no mention of foreign corporations unless they are included in the words 'of an action against any other corporation existing under the law of this state.' It is our view that this language includes domestic corporations not otherwise designated in this statute and foreign corporations as well."

Assuming for the moment that the statute has the effect of denying to foreign corporations the right to transact business under an assumed name as contended. Such denial relates only to the remedies available to it in the enforcement of its contracts. It is not contended, nor does any statute provide, that such contracts are void. The barrier, if it existed, concerns only enforcement. Once that barrier is removed the same remedies are available to a foreign corporation as exist in favor of a domestic corporation. One of the powers afforded a domestic corporation is that of doing business under an assumed name. C.R.S. '53, 31-10-2, as amended, provides that foreign corporations shall have the same powers as domestic corporations. Hence any barrier to the enforcement of a contract made under an assumed name by a foreign corporation has now been removed.

It is a matter of common knowledge that numerous foreign corporations, authorized to do business in Colorado, have for many years conducted such business under assumed names in every section of the state, under authority of the above quoted statutory provisions. There is no merit in the suggestion that we, on our own motion, should go outside the briefs of counsel and in effect invalidate all these business transactions.

The judgment is reversed and the cause remanded for trial upon the merits.

Mr. Justice Hall concurs in the result.

Mr. Chief Justice Holland and Mr. Justice Frantz dissent.

Mr. Chief Justice Holland dissenting:

I cannot concur in the majority opinion in the above entitled matter. It is my desire to briefly state my opinion as to a question raised by the majority opinion and not particularly stressed in the dissenting opinion of Mr. Justice Frantz.

From my study of the record, it is abundantly clear that in a former action between the same parties and upon the same subject matter (the former case referred to as "B-629"), the final judgment there was a judgment upon the merits, and, as is borne out by the statement of the trial court in entering the judgment, that evidence was taken to the conclusion of plaintiff's case and judgment of dismissal entered thereon. This is further supported by plaintiff in error's brief on page 4 in discussing the matter of the first case designated as "B-629," wherein counsel states, "After the conclusion of Admiral's case, Trio orally moved for a dismissal * * *." Applying Rule 41 (b) of our rules of civil procedure, where, as here, the trial court did not otherwise specify, the order of dismissal then made operates as an adjudication on the merits. In my opinion the rule of res judicata is clearly applicable, and the second case between the same parties and upon the same subject matter, cannot be sustained.

The judgment should be affirmed.

Mr. Justice Frantz dissenting:

Since I take the position that nothing can be accomplished by a reversal of this case because of a serious jurisdictional question pervading the whole record, I respectfully dissent. Where it appears on the face of the record that the lower court was without jurisdiction, and in no wise could ever obtain jurisdiction, we should

recognize that fact and on our own motion dispose of the matter accordingly.

C.R.S. '53, 141-2-1 (2) provides: "Any corporation *existing under the laws of this state* may transact all or a portion of its business under an assumed name upon filing in the offices of the secretary of state and in the office of clerk and recorder of each county in which it transacts or proposes to transact business under such assumed name a certificate in respect of each of such assumed names setting forth the following: * * *" [listing the acts requisite to doing business under an assumed name].

The quoted passage is a part of the statutory law providing for the operation of a business in this state under a trade name. The first subsection permits individuals to do business under a trade name, and the second subsection permits "any corporation existing under the laws of this state" to do business under such trade name. In each instance certain things must be done in order to satisfy the requirements of the statute.

The mention of individuals and of corporations existing under the laws of this state would seem to exclude the extension of the privilege to do business under an assumed name to foreign corporations. A corporation "has no right to any name as such except its corporate name." *N. Y. Belting & Packing Co., Ltd. v. Goodyear Rubber Hose & Packing Co.,* 20 Pa. Co. 493, 7 Pa. Dist. 76.

A corporation has existence under the laws of the state of its organization. The authorization or denial of authorization to do business in another state does not disturb by one tittle its existence. A foreign corporation authorized to do business in the state of Colorado under its laws has nothing more than a license or permission to operate in this state; its *existence* by virtue of the laws of another state should not be confused with its *authorization* to do business in this state. To interpret such terms as being synonymous results in semantic emascu-

lation. Courts should never give distorted meanings to words, even though in giving words their long established meanings injustice should result in a particular case.

In construing the section of the statute providing for authorization to foreign corporations to do business in this state, and Section 10, Article XV of the Constitution of the State of Colorado, which ordains that "no foreign corporation shall do any business in this state without having one or more known places of business, and an authorized agent or agents in the same, on whom process may be served," the Supreme Court of Colorado in a very early case, *Utley et al. v. The Clark-Gardner L. M. Co.,* 4 Colo. 369, pointedly said:

"State legislation of this character is held not to be in conflict with that clause of the Constitution of the United States which declares 'the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States;' nor with the clause which declares that Congress shall have power 'to regulate commerce with foreign nations and among the several States.'

*"A corporation is the creature of local laws; it has no existence or absolute right of recognition outside the limits of the sovereignty which created it.*

*"For the recognition of its existence* and the enforcement of its contracts without such limits, *it is dependent upon the comity of the several States,* and this comity may be extended upon such terms and under such limitations as each State may think wise to prescribe. *Augusta v. Earle,* 13 Peters, 538; *Paul v. Virginia,* 8 Wall. 168.

"The Constitution and statutory provisions cited, embody the policy of our State toward foreign corporations. * * *" (Emphasis supplied.)

Perhaps no clearer statement of the signification of a corporation having existence or "existing under the laws of this state" can be found than that contained in *Turner v. Turner Mfg. Co.,* 184 Wis. 508, 199 N.W. 155. These

words import an artificial creature whose birth, being, and continuity of life flow only from the state of its incorporation. No other state can decrease, alter, condition, or lengthen its life span.

Note the following significant language from the last cited case:

 The charter or franchise of a corporation consists of two parts: First, its right to be or exist as a corporation; and, second, its right to do certain things in the exercise of powers conferred upon it by the state. *Lord v. Equitable Life Assur. Soc.,* 194 N.Y. 212, 87 N.E. 443, 22 L.R.A. (N.S.) 420.

"[4] A corporation having the right to exist is also granted the right to do certain things and exercise certain powers. This is sometimes referred to as its right to do as distinguished from its right to be. At the common law, the formation of corporations by persons was prohibited. Therefore the right of citizens to associates [sic] themselves together for the purpose of forming a corporation is in the nature of an exception or exemption from the general rule of the common law. *State v. Western Irrigating Canal Co.,* 40 Kan. 96, 19 Pac. 349, 10 Am. St. Rep. 166.

 Therefore corporations may come into existence only upon such terms as the Legislature of the state of their creation may prescribe. Having been brought into existence under the law of a sovereign state, they become artificial persons. They may move from place to place within the state, may transact business in other states and other countries, subject, however to such limitations as may be imposed by the states or countries in which they seek to do business as they have not the right of natural persons. *Wherever they may go, their existence, however, is referable to the laws of the state of their creation.* This is demonstrated by the fact that courts of one state have no jurisdiction to adjudge a forfeiture of a foreign corporation's franchise. * * *

"Does the law of this state require a foreign corpora–

tion coming into this state to reincorporate? We think not. The whole purpose of section 1770b is to prescribe the conditions upon which foreign corporations are permitted to transact business within this state. It is assumed that the corporation applying has a corporate existence derived under the laws of some other state, and that what it proposes to do and what it is *to be permitted* to do is to transact business *as a corporate entity existing under the laws of another state.* * * *" (Emphasis supplied.)

Authorization granted to a foreign corporation to do business in Colorado and creation of a corporation under the laws of Colorado cannot be equiparated so as to permit speaking of both as existing under the laws of this state. In the first instance, the foreign corporation operates in this state by its dispensation; in the second, we have the creature, the corporation, and the creator, the state — the creature owes its existence to the state.

The fact that C.R.S. '53, 31-10-2, provided that foreign corporations "shall be subjected to all the liabilities, restrictions and duties which are or may be imposed upon such corporations of like character organized under the general laws of this state; and shall have no other or greater powers" (the section pertinent to the question here), should make no difference in this case. The section has to do with powers and we cannot say of a corporation that it has the power to use a name — it has the right to use a name. There is a vast difference between rights and powers.

Only a domestic corporation may use an assumed name; this privilege is not extended to a foreign corporation. Since it cannot rectify its incapacity to prosecute by filing an affidavit, even after suit brought, its inability creates a jurisdictional defect which remains constant. The trial court not having jurisdiction to permit the prosecution of a suit, we are in no better position and should dismiss the matter in this court or direct the trial court to dismiss the proceeding.