Greeley, S. L. & P. R'y Co. v. Yeager.

1. Under the Code, section 193, which provides that a new trial may be granted "for error in law occurring at the trial, and excepted to by the party making the application," and section 414, which provides that "exceptions taken to opinions or decisions of the district and county courts overruling  *   *   *  motions for new trials  *   *   *  shall be allowed, and the party excepting may assign for error any opinion so excepted to," error can be assigned on appeal upon an exception to the overruling of a motion for a new trial, based upon an alleged error of the court below in giving an instruction to which an exception had been duly taken.
2. Exemplary damages cannot be recovered in a civil action, although the tort causing the injury sued for is wilful, and is not punishable criminally:

*Appeal from District Court of Larimer County.*

Messrs. Teller and Orahood, for appellant.

Mr. E. A. Ballard, for appellee.

Rising, C.   The plaintiff, Yeager, brought this action in the county court of Larimer county against the appellant, as defendant, and there recovered a judgment. The defendant appealed the case to the district court of said county, where the plaintiff also obtained a judgment, from which the defendant has appealed to this court. At the time of bringing the action the plaintiff was the owner and in the actual possession of a tract of land of about one hundred and sixty acres, situate in said county of Larimer, except a strip thereof, fifty feet in width, which he had previously conveyed to the defendant, to be used as a right of way for its railway. In the construction of defendant's road-bed excavations were made in, and soil and dirt were removed from, plaintiff's land, and some portion of his fences was destroyed. The plaintiff alleges that this injury was done wilfully and maliciously by the defendant, through and by its agent and servants. There was some evidence at the trial tending to show that the damage done to

plaintiff in this respect was done wilfully and knowingly and in disregard of his rights. The district court, by consent of the parties, charged the jury orally, and, in addition to other propositions contained in its charge, instructed the jury that if they found from the evidence that the defendant had committed the trespasses complained of, and further found that it had done so wilfully and maliciously, they might award exemplary damages. The defendant excepted to that part of the charge relating to exemplary damages. Whether the charge of the court was erroneous in this particular forms the principal matter of contention in this court. The appellee insists, however, by way of preliminary objections, that this and other questions discussed by appellant are not properly raised, and that they cannot be heard and determined by this court in consonance with its rules and practice. The grounds of the motion for a new trial interposed by the appellant in the court below are as follows: "*First,* that the court erred in its instructions to the jury, in that the jury were instructed that they might find exemplary damages in this case, said instructions having been excepted to when given; *second,* that the evidence was insufficient to justify the verdict; *third,* that the said verdict is contrary to the law; *fourth,* that the damages in said verdict are excessive, appearing to have been found under the influence of passion or prejudice; *fifth,* that exemplary damages cannot be found under the pleadings in this case." The assignment of errors, attached to the transcript of record, is as follows: "*First.* The court erred in refusing to admit proper testimony offered on the part of the defendant on the trial below. *Second.* The court erred in admitting improper testimony offered on the part of the plaintiff on the trial below. *Third.* The court erred in admitting incompetent, immaterial and irrelevant testimony of J. H. Yeager, said plaintiff, as to conversations with one McCarthy, not shown to be an agent or representative of

such defendant. *Fourth.* The court erred in refusing to instruct the jury, on the request of said defendant, as follows: 'The court further instructs the jury that they cannot find exemplary damages,— that is, damages beyond actual pecuniary loss,— unless they believe from the evidence that plaintiff has actually sustained some injury, other than pecuniary, which can be compensated by such pecuniary damages.' *Fifth.* The court erred in giving the following instructions to the jury: [Here follows the court's charge in full.] *Sixth.* The court erred in overruling the said defendant's motion for a new trial for the reasons therein set forth. *Seventh.* The court erred in giving judgment on the verdict of the jury in favor of the plaintiff and against the defendant."

The main question raised upon this appeal relates to the ruling of the court in instructing the jury that they might award exemplary damages in the following language: "If you find from the evidence that the defendant's agents or servants wilfully and intentionally and purposely, on their part, went outside of the defendant's right of way in disregard of the plaintiff's rights, and in defiance of his notice and protest against their so doing, you may find that it was done maliciously, and in such case you may assess exemplary damages; by which I mean that you may assess some reasonable amount in addition to the pecuniary damages suffered by the plaintiff, which, in your dispassionate judgment, will properly vindicate the plaintiff's rights to his property, and the control and protection thereof, and serve as a warning and restraint upon the defendant against such wilful and malicious disregard of the plaintiff's rights to protect and control his own property." Error is assigned upon this ruling, and if the question thereby raised is so presented here that we are, by statutory provisions, called upon to pass upon it, or are, by the rules and practice of this court, permitted so to do, then the determination of this question will render the consideration of other errors

assigned unnecessary, and we need not consider the ruling of the court refusing to give an instruction asked by the defendant, by which instruction the same question was presented to the court.

Counsel for appellee interposes objections to the consideration of this question, but one of which objections we deem it necessary to notice. In the argument it is assumed by counsel for appellee that the exception of defendant to the charge of the court was to the entire charge, and that the charge contains more than one distinct proposition; and he contends that such exception is not well taken, and is unavailing. Upon this assumption, and the deduction of counsel therefrom, is based the objection to the consideration of this question under appellant's assignment of error in the overruling of defendant's motion for a new trial, and this is the only ground of objection made by counsel for appellee to the consideration of this question under said assignment. The record does not sustain the assumption of counsel. It appears from the bill of exceptions that the following proceedings were had upon the conclusion of the charge to the jury; Mr. Rhodes, counsel for defendant, saying: "If the court please, we want to note an exception to the charge with reference to the exemplary damages. We want to except to the charge to the jury in regard to allowing exemplary damages — *First*, for the reason that the evidence in the case does not warrant the charges as given; and *second*, that in the pleadings that are filed in the case there is no claim set forth for any damages aside from the actual trespass committed, and no special claim for any exemplary damages. *The Court.* Well, the exceptions are allowed." It is apparent that, at the time of preparing his argument, counsel must have overlooked this part of the record, for the exception is clearly not open to the objection that it is too general, and therefore the objection of counsel to the consideration of the main question, under the sixth assignment

of error, is not well founded, and cannot prevail upon the reasons assigned, and we might now proceed to the consideration of such main question but for the suggestion of the further objection to such consideration that error cannot be assigned in this court upon an exception to the overruling of a motion for a new trial when the ground of such motion is alleged error of the court in giving an instruction, to which instruction an exception had been duly taken. We think that this view is opposed to the express provisions of the statute. Section 193 of the code provides that a new trial may be granted on the application of the party aggrieved, "for error in law occurring at the trial, and excepted to by the party making the application;" and sections 194 and 195 provide how such application for a new trial shall be made. Section 414 of the code is as follows: "Exceptions taken to opinions or decisions of the district and county courts overruling motions in arrest of judgments, motions for new trials, for continuance of causes, and in sustaining motions for nonsuit, shall be allowed, and the party excepting may assign for error any opinion so excepted to." The first step to be taken to secure a review of the ruling of the court, made in the progress of the trial, is to save an exception to such ruling at the time it is made. The steps to be taken thereafter have nothing to do with the saving of an exception to the ruling. After the party aggrieved has, by his exception, obtained the right to have the ruling reviewed, he may proceed to avail himself of such right by making such ruling a ground for a motion for a new trial, and to the overruling of such motion he can take an exception, and upon such exception he can assign error in this court. These steps having been taken, the ruling of the court upon the motion for a new trial is properly before the court for review, and the court, in reviewing this ruling, must necessarily review the grounds for new trial embraced in the motion;

or he may assign such ruling for error without having first moved for a new trial on the ground of such ruling.

Did the court err in instructing the jury in relation to the awarding of exemplary damages. The jury were instructed that, if they found certain facts from the evidence, they might assess such damages against the defendant, in addition to the pecuniary damages sustained by the plaintiff, as would serve as a warning and restraint upon the defendant. That these damages, which were to serve as a warning and restraint, were to be so assessed as a punishment, is apparent from the language used, as well as from the fact that the court instructed the jury that exemplary damages and punitive damages were the same. The question whether damages can be recovered, as a punishment in civil cases, has been much discussed by courts and by law writers, and it has been so fully treated by this court in *Murphy v. Hobbs*, 7 Colo. 541, that we do not feel called upon to enter upon the further discussion of the reasons assigned for and against the allowance of such damages. It is true that the case of *Murphy v. Hobbs* was determined upon the application of the rule that, in civil actions, where the injuries complained of are the result of a tort which constitutes an offense under the criminal law, exemplary damages as a punishment or example cannot be awarded; but the reasoning of that case is applicable to the question here presented, and, as we think, is decisive of it. The rule of compensation is sufficient to give the injured party all that he is entitled to, and to go beyond that, and usurp the powers of the state in the infliction of punishment, may well be challenged as a "sin against sound judicial principle;" a sin which cannot be made to stand for the right by an adherence to it.

The court erred in giving the instruction complained of, and we cannot say that the defendant could not

have been injured thereby. The judgment should be reversed.

STALLCUP, C., concurs. DE FRANCE, C., dissents.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*