Howlett v. Tuttle.

Exemplary Damages Not Allowed Unless by Statute.— It is the settled rule of this state, when not controlled by legislation, that exemplary or punitive damages as a punishment or example should not be awarded in civil actions for injuries resulting from torts where the offense is punishable under the criminal laws. But see Sess. Laws 1889, p. 64.

*Error to District Court of Arapahoe County.*

Messrs. B. M. & C. J. Hughes, Jr., for plaintiff in error.

Mr. J. W. Horner, for defendant in error.

Per Curiam. The plaintiff below sued to recover damages on the ground, as alleged in the complaint, that defendant, maliciously intending to injure plaintiff, had wantonly and wilfully made a breach in a certain irrigating ditch, when full of water, and so flooded and injured a large tract of plaintiff's land, and totally destroyed certain other property. Plaintiff prayed judgment against defendant for the sum of $600 as the actual damages to his property, and for $900 as punitive or exemplary damages.

The jury returned a verdict in favor of plaintiff, assessing his damages *generally* at the sum of $400.

The defendant brings the case to this court, and assigns for error, *inter alia*, that the court instructed the jury to the effect *that if they believed from the evidence that defendant committed the acts complained of with a malicious intent towards the plaintiff,— that is, with intent to flood plaintiff's property with water and sediment, and so injure it,— then they might, in addition to the actual damages sustained by plaintiff by reason thereof, assess against the defendant in favor of the plaintiff exemplary damages,— that is, damages by way of punishment of the defendant's malice.*

At and prior to the time when this cause was tried, in December, 1882, the rule thus laid down by the trial court had been very generally recognized as correct by the courts of England and America, though able jurists and law-writers had been somewhat at variance as to what were the true elements of damage in cases of this kind. In 1884 this court, in the case of *Murphy v. Hobbs*, 7 Colo. 541, in an elaborate opinion, held that it was more in accordance with good reason and sound logic that exemplary or punitive damages, as a punishment or example, should not be awarded in civil actions for injuries resulting from torts where the offense is punishable under the criminal laws. The *Murphy-Hobbs Case* has been followed by other decisions of this court; and the doctrine therein announced may now be considered as settled in this jurisdiction when not controlled by legislation. It will be observed in this con-

nection that the decisions of this court indicate a liberal rule for the recovery of full compensatory or actual damages in cases of wilful and malicious injuries to person or property. *Railway Co. v. Yeager*, 11 Colo. 345; *Publishing Co. v. Miner*, 12 Colo. 77. But see Laws 1889, p. 64.

Considering the state of the law at the time this action arose, the charge of the trial court concerning exemplary damages must be held to be error; and, as the verdict was general, we are not able to say that the erroneous charge did not lead the jury to include in their verdict something more than the actual damages sustained by plaintiff. It is unnecessary to notice other assignments of error. The judgment of the district court is reversed, and the cause remanded.

*Reversed.*