TOKLAN ROYALTY CORPORATION et al. v. TIFFANY et al.

No. 30977. Sept. 28, 1943.

*141 P. 2d 571.*

I. J. Underwood, Paul Pinson, and Jack Campbell, all of Tulsa, for plaintiffs in error.

E. D. Gillespie and H. L. Smith, both of Tulsa, for defendants in error.

RILEY, J. This is an appeal from an order awarding à peremptory writ of mandamus to the defendants in error herein, directing plaintiffs in error, Toklan Royalty Corporation and Curtiss F. Bryan, to permit defendants in error, as stockholders, to inspect and examine the books and records of said corporation. Hereinafter the parties will be re-

ferred to as in the trial court. Plaintiffs filed their motion and petition for a writ of mandamus, alleging in substance that Toklan Royalty Corporation is a corporation organized and existing by virtue of the laws of the State of Delaware, and authorized to do business in the State of Oklahoma, and having its principal place of business in Tulsa, Okla., at 410 Beacon Building; that defendant Curtis F. Bryan is its president and in charge of its office in Tulsa; that plaintiffs are stockholders in said defendant corporation to the extent of 2,016 shares, and that all shares are paid up; that by the laws of the state it is made the duty of the officers and directors of companies and corporations to keep all the records of said organization open to inspection of any director, member, stockholder, or creditor and to permit such inspection at all reasonable times; that plaintiffs made a request for permission to examine the books and records of the corporation and that defendants refused and still refuse to permit such examination. A peremptory writ of mandamus was awarded on the petition, but thereafter an order was made amending the writ so as to make it operate only as an alternative writ of mandamus; whereupon defendants filed their return to alternative writ. Therein they admit that the Toklan Royalty Corporation is organized and existing under and by virtue of the laws of the State of Delaware, and that it is authorized to do business in the State of Oklahoma, and that Curtis F. Bryan is its president; that Toklan Royalty Corporation, being created under the laws of the State of Delaware, is governed by the laws of that state in respect to all of its corporate affairs, and particularly its internal corporate affairs, as said laws are contained in the statutes of the State of Delaware and in the decisions of the Delaware courts. That under said statute and decisions a stockholder has no right to inspect the records of a corporation for an improper purpose, such as to annoy the corporation and its officers, or for the purpose of bringing a harassing lawsuit, or for speculative purposes, or for the purpose

of satisfying idle curiosity of the stockholder, or for any purpose that may be hostile to the interests of the corporation and to other stockholders. That plaintiffs, or some of them, had been in the past directly or indirectly connected with meddlesome litigation, which had cost the shareholders and stockholders of Toklan Royalty Corporation and its predecessor in interest, Imperial Royalties Company, large sums of money; and that by reason of the acts and conduct of the plaintiffs in connection with such former litigation, plaintiffs have not shown themselves entitled to inspect the books and records of the corporation.

Hearing was had before the court, resulting in a finding and order to the effect that plaintiffs were entitled to the writ under the statutory provisions of this state, and defendants appeal.

The first contention is that the Oklahoma statute relied upon by plaintiffs is not applicable and has been erroneously applied.

It appears from the record that the Toklan Royalty Corporation was organized under the laws of the State of Delaware, and that its charter provided that its principal place of business was to be in Tulsa, Okla.; that it was organized pursuant to a plan for the reorganization or continuation in business of the Imperial Royalties Company, which was a statutory trust until the 1st day of December, 1940, at which time it became dissolved and terminated by reason of the expiration of the term for which it was created; that plaintiffs were shareholders in the Imperial Royalties Company, and in the reorganization or continuation of business by the Toklan Royalty Corporation they acquired and are owners of approximately 1,900 shares of stock in the Toklan Royalty Corporation.

Title 18, section 141, O. S. 1941, as far as pertinent, provides:

"All corporations for profit are required to keep a record of all their business transactions; a journal of all meetings of their directors, members or

stockholders, with the time and place of holding the same, whether regular or special, and, if special, its object, how authorized, and the notice thereof given . . . all such records to be open to the inspection of any director, member, stockholder, or creditor of the corporation."

Defendants contend that said statutory provision does not apply to a foreign corporation, but was intended to apply only to corporations organized under and by virtue of the laws of the State of Oklahoma.

Toklan Royalty Corporation, under the admitted facts, is not, strictly speaking, a foreign corporation with respect to the question of examination and inspection of its books and records by its stockholders.

In 20 C.J.S. Corporations, § 1793, it is stated that:

"Organizations composed of persons who have incorporated under the laws of a state other than that of their residence for the purpose of doing all or the greater part of their business in the state of the residence of such persons, or in another state than that of the creation of the corporation, are known as migratory or 'tramp' corporations."

"A migratory or tramp corporation organized under the laws of a foreign state for the purpose of doing business in the domestic state where its property is situated and all its business is transacted has been held to be a resident of the domestic state." 20 C.J.S. Corporations, § 1794.

"A corporation which seeks to establish a business domicile in a state other than that of its creation must take that domicile as individuals are always understood to do, subject to the responsibilities and burdens imposed by the laws which it finds in force there." 14-A.C.J. 1240.

"Whether or not the term 'corporation' when used in a statute applies to foreign corporations operating within the state depends largely upon the subject matter of the statute, its policy, and the context in which the terms is employed. The word generally applies to a foreign corporation, when there is nothing in the words of the statute itself which would indicate an intention on the part of the Legislature to limit its effect to domestic corporations, or where there are no sufficient considerations of local or state policy from which there can be inferred a motive on the part of the Legislature to restrict the operation of the statute to domestic corporations." 14-A.C.J. 1241.

Section 44, art. 9, of the Constitution of this state provides:

"No foreign corporation shall . . . be relieved from compliance with any of the requirements made of a similar domestic corporation by the Constitution or laws of the state."

From the foregoing, it clearly appears that the defendant corporation is subject to the statutory provisions of this state with respect to the question here involved.

Defendants admit that the plaintiffs are entitled, under the common-law rule, to examine and inspect the books and records of the corporation, but insist that the procedure of the State of Delaware should be followed, and since the State of Delaware has no statutory provision authorizing inspection of the books, records, etc., of a corporation by its stockholders, the rule of common-law procedure should have been applied in this case. The contention in this connection is that it was incumbent upon plaintiffs to allege and establish that their motives were proper and that they were not seeking inspection for the gratification of mere idle curiosity or for speculative purposes or for purposes hostile to the interests of the corporation or to annoy and harass the corporation, or for any purpose detrimental to it.

With this contention we cannot agree. In Nettles et al. v. McConnell, 151 Ala. 538, 43 So. 838, it is held that under the statutory provisions of that state providing that stockholders in all private corporations have the right of access to, and inspection and examination of, the books, records, and papers of the corporation, a resident stockholder of a foreign corporation is entitled to mandamus to compel the corporation to permit him to examine its books and papers, which are within the state, where the officers of the corporation refused

to permit such an examination, and the stockholder has reason to believe that the affairs of the corporation are not being conducted for its benefit. There, as here, it was urged that the statutory provision only applied to domestic corporations chartered in that state. In the opinion it is pointed out that the purpose of the statute was to secure the stockholder of every corporation the right generally to examine the books at all reasonable and proper times; and that upon denial to him of the exercise of this right he was entitled to a mandamus, upon an averment of facts which prima facie bring the applicant within the terms of the statute, and showing such denial. If the inspection is sought for improper motives, or for reasons which are not sufficient to justify it, this was said to be a matter of defense, not necessary to be negatived by the applicant by way of anticipation in his pleadings.

It is further said:

". . . But we have seen that any foreign corporation doing business in this state, having books and papers connected with its operation, which are in the custody of its officers and agents in this state, is to be treated, as to such books and papers and persons, as a domestic corporation."

In State ex rel. Quinn v. Thompson's Malted Food Co. et al., 160 Wis. 671, 152 N. W. 458, substantially the same contention was made that the defendants are making in the instant case. There, as here, it is conceded that if the defendant corporation had been organized under the laws of Wisconsin, the relator would have the right to make the desired examination under a statute similar to ours; but it was there held that under a statute which provided:

"All foreign corporations and the officers and agents thereof doing business in this state, shall be subjected to all the liabilities and restrictions that are or may be imposed upon corporations of like character, organized under the laws of this state, and shall have no other or greater powers."

—the legal obligation or responsibility imposed on a domestic corporation with reference to the right of the stockholder to examine and inspect the books and records of the corporation extended to a foreign corporation authorized to do business in that state.

The statutory provision above quoted is quite similar to the constitutional provision of the State of Oklahoma, supra. It was there held, under similar laws and a similar state of facts, that the relator was seeking to enforce a clear statutory right and had resorted to the proper remedy.

The defendants cite no case specifically holding, under similar facts and statutory provisions, that the rules and procedure of the state under which a corporation is organized but which has its principal place of business in another state, apply in the matter of application of a stockholder in the state where the principal place of business of the corporation is, as against the statutory provisions of such state.

The trial court was not in error in applying the statutory provision in this case.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.