513 P.2d 743 (1973)
N. L. BEEBE, Plaintiff-Appellee,
v.
STAR-STOP, INC., et al., Defendants,
Jesse W. Pierce et al., Defendants-Appellants.
No. 72-182.
Colorado Court of Appeals, Div. I.
June 12, 1973.
Rehearing Denied July 3, 1973.
Certiorari Granted September 17, 1973.
*744 Hill & Hill, Alden T. Hill, Fort Collins, for plaintiff-appellee.
Duncan J. Cameron, Denver, for defendants-appellants.
Selected for Official Publication.
SMITH, Judge.
Dr. N. L. Beebe brought this action to compel defendants, a Colorado corporation, its subsidiary, and several of its officers individually, to allow him access to corporate records pursuant to C.R.S.1963, 31-5-17.[1] Dr. Beebe also sought the ten per cent penalty allowed by the statute for refusal of access to the corporate records. The court granted plaintiff's motion to compel production of the documents and ordered them to be delivered within twenty days to plaintiff's counsel. When the documents were not produced, the court ordered the sheriff to enter the apartment of defendant Widdifield and search it to ascertain the location of the records. The sheriff delivered to the clerk of the court all relevant records found in the apartment, but these records did not contain the stock book or record of shareholders.
Thereafter, the matter was tried to the court. At the conclusion of the evidence defendant Judy Prier was dismissed from the suit. The court then found that plaintiff was a qualified shareholder under the statute and that he made both an oral and a written demand to see the records of the corporation for a proper purpose at a reasonable time. The court further found that each of the remaining individual defendants acted to deny plaintiff access to the corporate records. The court determined that the books and records of the corporations were destroyed by either the intentional or grossly negligent acts of defendants Elton E. Widdifield and R. D. Fenimore. The court concluded that, since the corporate records were not available, defendants were estopped to deny that the value of plaintiff's shares in the corporation was the amount he had paid for them, namely, $10,000. Defendants Widdifield, Fenimore, Vesta Wine, and Jesse W. Pierce were held liable to plaintiff individually under the statute in the amount of $1,000 each, an amount equal to ten per cent of the value of plaintiff's stock.
During trial, the court permitted plaintiff to amend his complaint to conform with the evidence to allege fraud on the part of defendants. The court found that defendants Widdifield and Fenimore had made false and fraudulent representations to plaintiff upon which plaintiff relied in purchasing his stock. The court held defendants Widdifield and Fenimore liable to plaintiff for damages in the sum of $10,000 plus exemplary damages in an amount equivalent to plaintiff's expenses of litigation together with interest. The court concluded that, since defendants Wine and Pierce were not active promotors of Star-Stop, Inc., and had not been parties to the false representations, they were not liable to plaintiff for fraud. The court held all defendants jointly and severally liable to plaintiff for exemplary damages.

I
On appeal, defendants Pierce, Wine, and Widdifield argue that the statute places the burden of proving the value *745 of stock upon the shareholder. Although this is true, it is not reasonable that the legislature intended that the shareholder suing under the statute to compel production of records should be burdened by the corporation's failure to produce the records. Hence, defendants were estopped to deny that the purchase price was the value of the stock, and the court correctly placed the value of plaintiff's shares at the amount he had paid for them.
Defendants further contend that because the written demand for examination was made only upon Star-Stop, Inc., the defendant corporation is the only party which may be held liable. The statute, however, specifies that those liable for refusing to allow the shareholder to examine the records will be "any officer or agent. . . or a corporation." The record discloses ample evidence to support the trial court's finding that defendants acted independently, as well as jointly, in denying plaintiff access to the records. The statute elucidates the intent of the legislature that officers and directors of corporations be required to act responsibly toward shareholders. The fact that the act was a corporate act does not release from liability those individuals who concurred in the violation of plaintiff's statutory rights.
Similarly, it is argued that as defendants Pierce and Wine did not have actual control of the books and records of the corporation, they could not be liable to plaintiff. Upon a review of the record, we conclude that the court properly found that all the defendant officers were so closely related to the refusal of plaintiff's request to see the records that each of them could be charged with the penalty under the statute.

II
Defendant Widdifield contends that plaintiff failed to produce adequate evidence to justify the court's finding of fraudulent misrepresentation. The trial court found that plaintiff was told by defendants Fenimore and Widdifield that no salaries were being paid out of proceeds from the sale of capital stock and that all monies received from the sale of the stock would be used to acquire and provide merchandise for outlet stores. Mr. Widdifield's own testimony disclosed that, at the time of such representation, certain salaries had been and were being paid from capital stock sales proceeds and that certain purported expense items which could justifiably be regarded as salary payments were also paid from such funds. The court also found, upon substantial evidence, that plaintiff was told by Widdifield and Fenimore that the corporation needed only $2,000 more to completely pay for a site in Grand Junction. Plaintiff, in reliance on this representation, purchased an additional $2,000 worth of stock. The record demonstrates that only $100 of this amount was paid on the Grand Junction property, and that acquisition of the site was never completed due to lack of funds. Hence, the evidence supports the findings of the trial court, and we will not disturb them. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537.

III
Plaintiff was given judgment for exemplary damages not only against defendants Widdifield and Fenimore, but against defendants Pierce and Wine. The court, however, found that defendants Pierce and Wine participated in no fraud, and a judgment against them for exemplary damages is not authorized by C.R.S. 1963, 41-2-2. That award was error.
We reverse the award of exemplary damages against defendants Wine and Pierce, but affirm all other aspects of the judgment. Case remanded with directions to modify the judgments against defendants Pierce and Wine in conformity herewith.
SILVERSTEIN, C. J., and PIERCE, J., concur.
Judgment affirmed in part, reversed in part and remanded with directions.
NOTES
[1] "(2) Any person who shall have been a shareholder of record for at least six months immediately preceding his demand or who shall be the holder of record of at least five per cent of all outstanding shares of a corporation, upon written demand stating the purpose thereof, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes and record of shareholders and to make extracts therefrom.

(3) Any officer or agent who, or a corporation which, shall refuse to allow any such shareholder, or his agent or attorney, so to examine and make extracts from its books and records of account, minutes, and record of shareholders, for any proper purpose, shall be liable to such shareholder for a penalty of ten per cent of the value of the shares owned by such shareholder, in addition to any other damages or remedy afforded him by law. . . ."