## No. C-416

### N. L. Beebe v. Jesse W. Pierce, Vesta Wine and Elton E. Widdifield, a/k/a E. E. Widdifield
(521 P.2d 1263)

Decided April 29, 1974.

Hill and Hill, Alden T. Hill, for petitioner.

Duncan J. Cameron, for respondents.

MR. JUSTICE HODGES delivered the opinion of the Court.

We granted certiorari to review the decision in *Beebe v. Star-Stop, Inc.,* 32 Colo. App. 345, 513 P.2d 743. The Court of Appeals held that the trial court awarded exemplary damages in connection with its finding of fraud even though the trial court did not specify that the award was for exemplary damages. From the record, we find that the Court

of Appeals improperly regarded this award as one for exemplary damages, but that the reversal thereof was, nevertheless, proper for reasons not described by the Court of Appeals.

A brief resume of the facts will suffice for the purpose of this opinion. The action was brought by petitioner Beebe to compel Star-Stop, Inc. and its officers and directors, including Pierce, Wine, Widdifield and Fenimore, to allow him access as a stockholder to corporate records pursuant to C.R.S. 1963, 31-5-17.

The complaint was later amended to allege fraud on the part of the defendants in the sale of stock to petitioner Beebe. The case was tried to the court which found that the respondents Pierce and Wine had not participated in the fraud but that respondent Widdifield and Fenimore were guilty of fraud. Fenimore is not a respondent before this court. Accordingly, the trial court entered a judgment against respondent Widdifield and Fenimore for a sum of $10,000 compensatory damages plus interest. We are not concerned here with this judgment or with the other judgments imposed pursuant to C.R.S. 1963, 31-5-17 for refusal to permit access to corporate records.

At the time the above described judgments were entered, petitioner Beebe was directed to submit to the trial court a bill of expenses incurred in this litigation, including a statement of his attorney fees. Thereafter, a bill for costs and attorney fees was submitted to the trial court. It itemized court costs of $969 and attorney fees of $4,562. The trial court thereupon entered a joint and several judgment against Pierce, Wine, Widdifield and Fenimore in the amount of $4,562 "for costs and attorney fees." In entering this judgment, the trial court may have overlooked the item of $969 set forth as "court costs" in the bill for costs and attorney fees, but this is of no consequence because of our disposition with reference to this judgment.

■ The Court of Appeals ruled that the trial court erred when it imposed this $4,562 judgment against respondents Pierce and Wine. It therefore reversed this judgment as to

them on the ground that it was for exemplary damages and therefore could not be upheld against respondents Pierce and Wine because the trial court made a finding that they had not participated in the fraudulent sale of stock to petitioner Beebe. C.R.S. 1963, 41-2-2 allows exemplary damages only in those cases where the wrong done is attended by circumstances of fraud, malice, insult, or a wanton and reckless disregard of the injured party's rights and feelings.

Petitioner Beebe maintains that the Court of Appeals may have improperly classified this $4,562 judgment as being for exemplary damages and therefore the Court of Appeals erroneously reversed this judgment as to respondents Pierce and Wine. We hold that this $4,562 judgment against Pierce and Wine was properly reversed by the Court of Appeals but for the wrong reason.

It was improper for the Court of Appeals to treat the judgment for $4,562 as an exemplary damage award when the trial court did not specify that it was an award of this character or make any findings to indicate its intention to impose punitive damages. It is generally held that the basic purpose of entering a judgment for exemplary damages against a defendant in a civil action is to punish and penalize him for certain wrongful and aggravated conduct and to serve as a warning to other possible offenders. *See* 22 Am. Jur. 2d *Damages* § 237. The record reveals, and petitioner Beebe states in his brief, that such damages were neither prayed for by the petitioner in the trial court nor discussed during the trial court's procedures.

We do not intend to imply here that court costs or attorney fees may never be considered in assessing exemplary damages. There is authority for the view that costs of litigation and attorney fees which were the consequence of the aggravated nature of the offense may under certain circumstances be considered in setting the amount of exemplary damages. *See* annotation 30 A.L.R. 3d 1443.

Having now ruled that the $4,562 judgment was not an award of exemplary damages, we must look at it as a special award entered for the purpose of reimbursing peti-

tioner Beebe for litigation costs and attorneys' fees incurred at the trial court level in this case. As a general rule, and in the absence of any contractual or statutory liability therefor, attorneys' fees and expenses of litigation of a plaintiff's claim are not recoverable as an item of damages either in a contract or a tort action. *Publix v. Bank,* 139 Colo. 205, 338 P.2d 702 (1959); *Williams v. Fidelity and Dep. Co.,* 42 Colo. 118, 93 P. 1119 (1908); *Spencer v. Murphy,* 6 Colo. App. 453, 41 P. 841 (1895). *See also* 22 Am. Jur. 2d *Damages* § 165 and 25 C.J.S. *Damages* § 50.

In conjunction with the general rule above set forth, we do note here that several of our Rules of Civil Procedure authorize the taxing of reasonable attorneys' fees against a defendant under certain circumstances. *See* C.R.C.P. 3(a), 30(g), 37(a)(4), 37(c), 56(g) and 107(d).

The $4,562 judgment in this case is not authorized by statute, contract or rule of civil procedure, and must therefore be reversed.

In our disposition here, we are not unmindful of *Whatley v. Wood,* 148 Colo. 349, 366 P.2d 570 (1961) and its holding in that particular type of action that a plaintiff's costs of litigation and attorneys' fees may be a charge against the proceeds of a receiver's sale of the real property involved. The special circumstances and the equities involved in that case have no similarity to the facts of this case, and the very narrow holding of that case is wholly inapplicable to this case.

We have noticed in this record that court costs which are usually awarded to the prevailing party in a lawsuit have not been taxed against the various defendants. This case is therefore remanded to the trial court for any procedure it deems necessary to set the amount of such proper court costs to be taxed against the defendants in this action.

Since the $4,562 judgment must now be reversed under the rule of this case, we hereby affirm the Court of Appeals' judgment which reverses this judgment as against respondents Pierce and Wine. Insofar as the Court of Appeals did not take similar action with respect to this judgment against the other

defendants in the lawsuit, we reverse the judgment of the Court of Appeals.

Judgment affirmed in part and reversed in part and this cause remanded to the trial court for further proceeding in accordance herewith.

MR. JUSTICE GROVES does not participate.