INTOXICATING LIQUORS
The Alcoholic Beverage Control Board must examine each holder of, or applicant for, a non-resident seller's license and factually determine whether any foreign corporation lacks the "out-of-state" quality required of 37 O.S. 524 [37-524] (1971). The Board may consider, among others, as indicia of residency: (1) principal place of business, (2) location of primary market, and (3) residence of officers, directors or principal shareholder. The Board may conclude that an entity, although incorporated in a sister state, is a "migratory" corporation and determine that entity is a resident of Oklahoma and not entitled to a non-resident seller's license pursuant to 37 O.S. 524 [37-524] (1971). The Attorney General has considered your request for an opinion wherein you ask the following questions: " (1) Can a foreign corporation, whose principal place of business is located within the State of Oklahoma and who markets the majority of its alcoholic beverage products to Oklahoma wholesalers hold a non-resident seller's license under the provisions of 37 O.S. 524 [37-524] (1971)? "(2) Can a foreign corporation selling alcoholic beverages to Oklahoma wholesalers hold a non-resident seller's license under the provisions of 37 O.S. 524 [37-524] (1971) when the officers, directors or principal shareholders are in fact Oklahoma residents, even though the principal place of business of the corporation may be outside of the State of Oklahoma?" As has been repeatedly discussed in prior opinions of this office, in answering your questions we must note at the outset that in adopting Article XXVII as an amendment to the Oklahoma Constitution in 1959 the people of the State repealed previous constitutional provisions in force since statehood that strictly prohibited the "manufacture, sale, barter, giving away, or otherwise furnishing" of intoxicating liquors. We have particularly noted that Section 3 of said Article XXVII provides that: "The Legislature shall enact laws providing for the strict regulation, control, licensing, and taxation of the manufacture, sale, distribution, possession, and transportation of alcoholic beverage, consistent with the provisions of this Amendment. . . ." (Emphasis added) Pursuant to the above-constitutional expression, the Legislature has enacted the Oklahoma Alcoholic Beverage Control Act of which 37 O.S. 505 [37-505] (1971), provides as follows: "No person shall manufacture, rectify, sale, possess, store, import into or export from this state, transport, or deliver any alcoholic beverage except specifically provided in this act." It is apparent from the foregoing constitutional statutory pro visions that the people of this State and the Legislature clearly intend that the control of alcoholic beverages and the traffic therein be strict and that no trade in such beverages is to be conducted unless specifically authorized. It is with this intention of strict control in mind that we will answer your aforementioned questions. Title 37 O.S. 524 [37-524](a) (1971), provides: "A non-resident seller's license shall be required of all out-of-state distillers, wine makers, brewers, importers, brokers and others who sell alcoholic beverages to wholesalers and Class B wholesalers in Oklahoma regardless of whether such sales are consummated within or without the State of Oklahoma." (Emphasis added) In 4 Okl.Op.A.G. 115 (Opinion No. 71-185), this office held that: "34 O.S. 524 [34-524](a) indicates that a non-resident seller's license is required of non-resident distillers and other non-residents who sell to Oklahoma wholesalers. Nowhere in Section 524 is there any indication that such a license may be held by a resident person or corporation. Therefore, it appears that the Legislature intended to limit the holders of non-resident sellers' licenses to non-resident distillers and other non-residents who sell to Oklahoma wholesalers. ". . . "For the above stated reasons, it is the opinion of the Attorney General that an Oklahoma Corporation doing the same type business as a non-resident seller, as defined by Title 37 O.S. 524 [37-524] (1961), cannot be licensed as a non-resident seller." By the term "foreign corporation" you apparently mean a corporate entity formed under the laws of another state but which has been domesticated, thereby enabling it to "engage in or transact business in this state." 18 O.S. 1.2 [18-1.2] (1971). It is also apparent that you suspect, as a matter of fact, that the strict licensing provisions alluded to above may have been circumvented or may be circumvented by entities whose only contact with an incorporating state was merely its organization. Consequently, your questions must be answered in a manner which will best effectuate both the spirit and intent of the people and the Legislature. In Toklan Royalty Corporation v. Tiffany, 193 Okl. 120,141 P.2d 571 (1943), it was held that: "Toklan Royalty Corporation, under the admitted facts, is not, strictly speaking, a foreign corporation with respect to the question of examination and inspection of its books and records by its stockholders. "In 20 C.J.S., Corporations, 1793, it is stated that: " 'Organizations composed of persons who have incorporated under the laws of a state other than that of their residence for the purpose of doing all or the greater part of their business in the state of the residence of such person, or in another state than that of the creation of the corporation, are known as migratory or "tramp" corporations. " 'A migratory or tramp corporation, organized under the laws of a foreign state for the purpose of doing business in the domestic state where its property is situated and all its business is transacted has been held to be a resident of the domestic state.' " Further, in 20 C.J.S. Corporations, 1793, the following language is found: ". . . the courts of a state will not recognize the existence as a valid corporation of one organized in another state to do business in fraud of the laws of the domestic state, nor a corporation of another state which is contrary to the local laws and public policy, as shown supra 1790, or which is in fraud and evasion of the laws of the state where organized. "A domestic court can go behind the certificate of incorporation or charter of a foreign corporation for the purpose of inquiring under what circumstances and for what purpose outside the charter it was incorporated only on the ground that the certificate or charter was obtained in fraud or evasion of the laws of the state that granted it, or for the purposes of evading the provisions of the local laws. . . ." It is clear, as a result of the above, that the resolution of your questions posed herein be grounded upon certain factual determinations. Fundamentally, the Alcoholic Beverage Control Board must examine the nature and activities of each entity which the Board suspects may not be truly an "out-of-state" corporation within the obvious intent of 37 O.S. 524 [37-524] (1971). Those situations outlined in your questions are certainly indicia tending to show a foreign corporation is not truly "out-of-state", but each must be examined on a case-by-case basis. It may be determined by the Board? as a matter of fact, that although a corporation is formed in a sister state that corporation is a resident corporation for the limited purpose of 37 O.S. 524 [37-524] (1971), only, thereby not qualifying to hold a non-resident seller's license. Therefore, it is the opinion of the Attorney General that your questions be answered as follows. The Alcoholic Beverage Control Board must examine each holder of, or applicant for, a non-resident seller's license and factually determine whether any foreign corporation lacks the "out-of-state" quality required of 37 O.S. 524 [37-524] (1971). The Board may consider, among others, as indicia of residency: (1) principal place of business, (2) location of primary market, and (3) residence of officers, directors or principal shareholders. The Board may conclude that an entity, although incorporated in a sister state, is a "migratory" corporation and determine that entity is a resident of Oklahoma and not entitled to a non-resident seller's license pursuant to 37 O.S. 524 [37-524] (1971). (KENNETH L. DELASHAW, JR.)