596 P.2d 413 (1979)
E. F. HUTTON AND COMPANY, INC., Plaintiff-Appellee,
v.
Kyle ANDERSON, Defendant-Appellant.
No. 79CA0046.
Colorado Court of Appeals, Div. I.
May 31, 1979.
*414 Quigley, Palermo & Warren, P. C., Robert B. Warren, Colorado Springs, for plaintiff-appellee.
Simons & Iuppa, Barney Iuppa, Jr., Colorado Springs, for defendant-appellant.
VanCISE, Judge.
In a trial to the court, judgment was entered in favor of plaintiff, E. F. Hutton & Co., Inc., for actual and punitive damages and for attorney's fees. Defendant, Kyle Anderson, appeals the punitive damages and attorney's fees portion of the judgment. We affirm in part and reverse in part.
Plaintiff was engaged in the securities business in Colorado Springs, Colorado. Defendant opened an "option trading account" with plaintiff, made various option purchases, and paid for those purchases with checks in the amounts of $3,500, $4,700, and $53,000. All three checks were returned for insufficient funds. Plaintiff then liquidated defendant's trading account, and sued defendant for the balance of its losses.
In addition to its actual damages, plaintiff sought attorney's fees and punitive damages, contending that defendant's wrongful conduct was attended by a willful, malicious and reckless disregard of plaintiff's rights. After trial, judgment was entered awarding actual damages in the amount of $27,837.64, punitive damages of $20,000.00, and attorney's fees of $2,355.48.

I.
Defendant first contends that the award of punitive damages contravenes the constitutional *415 guarantees against double jeopardy, and violates his rights to equal protection of the laws. We disagree.
Defendant was charged, tried, and convicted of the criminal offenses of misdemeanor theft and fraudulent securities practices arising out of the same incidents which form the basis of the instant action.
In Murphy v. Hobbs, 7 Colo. 541, 5 P. 119 (1884), our Supreme Court indicated that the constitutional double jeopardy clause, Colo.Const., Art. II, Sec. 18, would be violated if punitive damages were awarded in a tort case and the offense was also punishable under the criminal law. The holding in Murphy was later extended to prohibit an award of punitive damages in all civil cases, not just those where the offense could be the subject of a criminal prosecution. See Greeley, S. L. & P. Ry. v. Yeager, 11 Colo. 345, 18 P. 211 (1888). This extension was based not upon the double jeopardy clause but upon the Court's interpretation of the common law. Thereafter, the Supreme Court regarded Murphy and its progeny as legislatively overruled by the punitive damages statute passed in 1889, and abandoned its former constitutional stand. Courvoisier v. Raymond, 23 Colo. 113, 47 P. 284 (1896). Thus we do not consider Murphy binding on the question of whether the double jeopardy clause precludes an award of punitive damages.
In later cases, our Supreme Court has indicated that the prohibition against double jeopardy relates exclusively to criminal or quasi-criminal actions. "Jeopardy occurs when a defendant in a criminal action has been brought to trial on a valid indictment or information . . . ." People v. King, 181 Colo. 439, 510 P.2d 333 (1973). See also Espinoza v. District Court, 180 Colo. 391, 506 P.2d 131 (1973); Maes v. District Court, 180 Colo. 169, 503 P.2d 621 (1972); Menton v. Johns, 151 Colo. 276, 377 P.2d 104 (1962); Markiewicz v. Black, 138 Colo. 128, 330 P.2d 539 (1958). The present case is not a criminal action, and defendant was not brought to trial in this action upon an indictment or information.
Our Supreme Court has also indicated that the double jeopardy clause protects persons against being brought to trial again for the same criminal offense. See Bustamante v. People, 136 Colo. 362, 317 P.2d 885 (1957). Therefore, when defendant is sued in a civil action, he is not "brought to trial" or prosecuted within the meaning of our double jeopardy clause, as interpreted in Bustamante, supra.
Also, we disagree with defendant's contention that the award of punitive damages in the civil action subjected him to a prohibited double punishment for the same offense. It is true that double punishment for the same criminal offense is constitutionally impermissible. See Ex parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873). And it is also true that punitive damages are awarded in civil cases in order to punish the defendant. See Beebe v. Pierce, 185 Colo. 34, 521 P.2d 1263 (1974). However, it does not follow that an award of punitive damages in a civil action constitutes a prohibited "double punishment." The double punishment prohibition, as with the guarantee against double jeopardy generally, applies only to punishment meted out by the state in a criminal action, see North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Cf. Campbell v. Colorado, 176 Colo. 202, 491 P.2d 1385 (1971).
Defendant also contends that allowing punitive damages in a civil action violates his right to equal protection of the law. Defendant's entire argument on this point is:
"He is subject to the same, if not worse, punishment that (sic) would be obtainable in a criminal action, while being denied all of the safeguards guaranteed him and afforded him in a criminal prosecution."
We see no equal protection issue here. Defendant has not challenged the constitutionality of our punitive damages statute, § 13-21-102, C.R.S.1973, and he does not contend that the statutory conditions were not adhered to by the trial court.

*416 II.
Defendant also claims that the trial court erred in awarding attorney's fees to plaintiff. We agree.
In the absence of a statute or contractual agreement, attorney's fees are not ordinarily recoverable as an element of damages in a tort or contract action. See Beebe v. Pierce, 185 Colo. 34, 521 P.2d 1263 (1974). Plaintiff recognizes that general rule and does not contend that it had any contractual arrangement with defendant for attorney's fees or that such an award is authorized by statute. Rather, it contends that this case falls within the so-called "obdurate behavior" exception to the no attorney's fees rule.
Under that exception, attorney's fees may be awarded if the losing party has acted in bad faith or for oppressive reasons. See Silverstein v. Sisters of Charity, 38 Colo.App. 286, 559 P.2d 716 (1976). However, contrary to plaintiff's contention, this exception applies only to bad conduct relating to the prosecution or defense of the action. See 6 J. Moore, W. Taggart, J. Wicker, Moore's Federal Practice ¶ 54.77[2] (2d ed. 1976). Plaintiff did not contend that defendant made his defense in bad faith; therefore, the trial court erred in awarding attorney's fees.
The judgment for attorney's fees is reversed; the balance of the judgment is affirmed.
COYTE and STERNBERG, JJ., concur.