**COMMERCIAL CLAIMS, LTD.,**
**Plaintiff-Appellant,**

v.

**FIRST NATIONAL BANK OF GLENWOOD SPRINGS,**
**Garnishee-Appellee,**

**and**

**Ram Construction, Inc., a Colorado corporation, Defendant.**

No. 82CA0251.

Colorado Court of Appeals, Div. III.

July 15, 1982.

Sobol & Sobol, P. C., Harry Sobol, Denver, for plaintiff-appellant.

Delaney & Balcomb, P. C., John A. Thulson, Glenwood Springs, for garnishee-appellee.

KELLY, Judge.

Plaintiff, Commercial Claims, Ltd., obtained a judgment against defendant, Ram Construction, Inc., and sought to garnish funds held by garnishee, First National Bank of Glenwood Springs. Plaintiff appeals the trial court's order awarding garnishee attorneys' fees for a frivolous claim. We reverse.

Section 13–17–101, C.R.S.1973 (1981 Cum.Supp.) provides for attorneys' fees under certain circumstances "in any suit involving money damages . . . ." A garnishment is not such an action. It "is but an ancillary proceeding . . . in aid of execution issued pursuant to an existing judgment, thus limiting any judgment proper to be entered against the garnishees to the extent of the unpaid balance of the judgment upon which execution issued." *Wright v. Nelson*, 125 Colo. 217, 242 P.2d 243 (1952). While attorneys' fees for the garnishee could be permitted by statute, *see, e.g.,* N.M.Stat.Ann. § 35–12–16(B) (1978), *cited in Bank of New Mexico v. Priestley*, 95 N.M. 569, 624 P.2d 511 (1981), there is no such provision in any Colorado statute or rule. *See* C.R.C.P. 103(y).

The judgment is reversed.

PIERCE and KIRSHBAUM, JJ., concur.