CITIZENS BANK, Plaintiff-Appellant,

v.

Patrick E. KRUSE, Thomas G. Kruse, Defendants-Appellees.

No. 83CA0550.

Colorado Court of Appeals,
Div. IV.

May 3, 1984.

Rehearing Denied June 14, 1984.

Certiorari Denied Nov. 26, 1984.

McKie & Associates, Joseph E. Dworkin, Gregg E. Kay, Denver, for plaintiff-appellant.

Machol & Machol, P.C., Jacques A. Machol, Jr., Denver, for defendants-appellees.

ENOCH, Chief Judge.

Proceeding under § 38–10–117, C.R.S. (1982 Repl.Vol. 16A), plaintiff, Citizens Bank (Bank), a judgment creditor of defendant Patrick Kruse, brought this action to set aside a conveyance from defendant Patrick Kruse to his brother, defendant Thomas Kruse (Kruse). The trial court entered judgment against Bank and awarded attorney fees to Kruse pursuant to § 13–17–101, C.R.S. (1983 Cum.Supp.). Bank appeals that portion of the judgment awarding Kruse his attorney fees. We reverse.

■ Bank contends that an award of attorney fees, pursuant to § 13–17–101, C.R.S. (1983 Cum.Supp.), is improper in an action to set aside a fraudulent conveyance of real estate. Kruse argues that this issue is not properly before the court because Bank failed to raise this issue with sufficient particularity in its motion to alter or amend judgment. We do not agree with Kruse as the motion specially challenged the award of attorney fees. Because the court had made the award pursuant to § 13–17–101, C.R.S. (1983 Cum.Supp.), the motion was sufficient to challenge the award under the stated statute and to preserve the issue for appeal. We therefore address the Bank's contention.

■ Section 13–17–101 provides for an award of attorney fees on the basis of a frivolous and groundless action "in any suit involving money damages ...." In an action to set aside a fraudulent conveyance, brought under § 38–10–117, C.R.S. (1982 Repl.Vol. 16A), the sole relief available is a judgment ruling the conveyance void; thus, such an action is not one for money damages. *Miller v. Kaiser,* 164 Colo. 206, 433 P.2d 772 (1967). Furthermore, the Bank's request for attorney fees in its complaint, which alleges no facts which would entitle it to such an award, does not convert this fraudulent conveyance action into a suit for money damages. Accordingly, the trial court was without authority to award Kruse his attorney fees under § 13–17–101, C.R.S. (1983 Cum.Supp.). *See Commercial Claims, Ltd. v. First National Bank,* 649 P.2d 736 (Colo.App.1982); *In re Marriage of Erickson,* 43 Colo.App. 319, 602 P.2d 909 (1979).

■ Kruse's contention that he is entitled to attorney fees under the "obdurate behavior" doctrine is without merit. Although the trial court found that plaintiff had brought a frivolous and groundless action, this is not sufficient to justify an award of attorney fees under the doctrine of obdurate behavior. Such fees may be awarded if the losing party has acted in bad faith or for oppressive reasons. *E.F. Hutton & Co. v. Anderson,* 42 Colo.App. 497, 596 P.2d 413 (1979). Here, Kruse did not contend, nor did the court find, that Bank had prosecuted this action either in bad faith or for oppressive reasons.

Having held that Kruse is not entitled to attorney fees at the trial level, his claim for attorney fees under § 13–17–103, C.R.S., at the appellate level must fail. Nor is Kruse entitled to damages and costs under C.A.R. 38, as alleged, because this appeal is not frivolous.

That portion of the judgment awarding Kruse attorney fees is reversed.

HODGES and SILVERSTEIN, JJ.,* concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).