John WILCOX, Plaintiff–Appellant,

v.

C.M. CLARK, Defendant–Appellee.

No. 99CA0994.

Colorado Court of Appeals,
Div. III.

Sept. 27, 2001.*

Certiorari Denied Feb. 25, 2002.

---

* Prior Opinion Announced November 24, 2000, *WITHDRAWN*. Petition for Rehearing of Plaintiff–Appellant *GRANTED*. Petition for Rehearing of Defendant–Appellee *DENIED*.

Robert A. Francis, P.C., Robert A. Francis, Aspen, CO, for Plaintiff–Appellant.

Boyd & Bazil, LLP, James B. Boyd, Aspen, CO, for Defendant–Appellee.

Opinion by Judge ROY.

In this forcible entry and detainer action (FED action) brought pursuant to § 13–40–101, et seq., C.R.S.2001, plaintiff, John Wilcox (landlord), appeals the trial court's denial of his request for attorney fees. We reverse and remand with directions.

In 1978, defendant, C.M. Clark (tenant), constructed a house and a detached garage incorporating a small apartment on a single-family residential lot in Aspen. The City of Aspen issued a building permit for the garage, but the permit did not authorize the construction of the apartment.

In 1982, tenant sold the property but leased back the garage and apartment for an extended period. In 1995, the then-owner of the property learned that the apartment violated the city ordinances and was, therefore, illegal. That owner subsequently sold the property to landlord, subject however to the lease.

During an inquiry into the validity of the lease, the city advised landlord that the apartment was illegal and that he should take steps to remedy the situation. Landlord then commenced this FED action in the county court, alleging that if there were a lease, it was illegal and void and, in the alternative, that tenant had breached the lease. Landlord requested possession and damages, including costs, interest, and attorney fees.

Landlord obtained service by posting a notice to quit on the garage/apartment. Tenant did not appear, and a default judgment awarding possession of the garage/apartment to landlord was entered and a writ of restitution was issued.

Landlord subsequently contacted an attorney who then represented tenant, who moved to set aside the default and for stay of execution and also filed a counterclaim for damages exceeding the county court's jurisdiction. The matter was removed to the district court, which set aside the default judgment because of inadequate service of process.

At the jury trial, tenant argued that he had not breached the lease because he had obtained approval from the city for the apartment. Ultimately, the jury determined that the alleged building permit and certificate of occupancy purportedly issued by the city were forged and returned a verdict in favor of landlord.

The remaining issues were tried to the court, which found against landlord on his breach of the lease and damages claims, but ordered that possession of the premises be restored to landlord because the lease was illegal and violated the municipal ordinances. Landlord requested an award of attorney fees in excess of $90,000, and the request was denied. Only the attorney fees issue is raised on appeal.

Landlord contends that the trial court erred in not awarding him attorney fees as the prevailing party in an FED action, pursuant to § 13–40–123, C.R.S.2001. We agree.

As a general rule, and in the absence of a contract or statutory liability, attorney fees and expenses are not recoverable by the plaintiff as damages. *Beebe v. Pierce*, 185 Colo. 34, 521 P.2d 1263 (1974); *E.F. Hutton & Co. v. Anderson*, 42 Colo.App. 497, 596 P.2d 413 (1979). Damages are a measure of the loss or harm, generally in the form of pecuniary compensation, resulting from an injury suffered by a person because of the unlawful act, omission, or negligence of another. *Artery v. Allstate Insurance Co.*, 984 P.2d 1187 (Colo.App.1999).

As pertinent here, § 13–40–123 imposes a statutory liability for fees in an FED action:

> The prevailing party in any action brought under the provisions of this article is entitled to recover damages, reasonable attorney fees, and costs of suit.

Further, as pertinent here, § 13–40–115(2), C.R.S.2001, provides for a judgment for damages, together with reasonable attorney fees, to be entered in addition to a judgment for restitution:

In addition to such judgment for restitution, the court or jury shall further find the amount of rent, if any, due to the plaintiff from the defendant at the time of trial, the amount of damages, if any, sustained by the plaintiff to the time of the trial on account of the unlawful detention of the property by the defendant, and damages sustained by the plaintiff to the time of trial on account of injuries to the property, and judgment shall enter for such amounts, together with reasonable attorney's fees and costs, upon which judgment execution shall issue as in other civil actions. Nothing in this section shall be construed to permit the entry of judgment in excess of the jurisdictional limit of the court.

■ Our review as to proper construction of a statute is de novo. *Colorado for Family Values v. Meyer,* 936 P.2d 631 (Colo.App. 1997).

■ It is apparent from these two statutes, read together, that the award of attorney fees in an FED action is in the nature of compensatory damages. *See Collins v. Shanahan,* 34 Colo.App. 82, 523 P.2d 999 (1974), *aff'd in part and rev'd in part,* 189 Colo. 169, 539 P.2d 1261 (1975). Thus, attorney fees are recoverable as any other damage attributable to the act or breach of the defendant. To be eligible for an award of reasonable attorney fees under § 13–40–123, the party claiming the fees must be a "prevailing party" in an FED action.

■ Here, the trial court found that landlord could not recover attorney fees under the statute because his claims did not fall within the scope of the statute, that is, he did not prevail on a theory of forcible entry and detainer. Instead, the trial court reasoned that landlord's successful claims relating to the illegality of the lease were founded in equity or declaratory judgment. We disagree.

Landlord's action was commenced as an FED action for possession of the premises by a writ of restitution. While the adequacy of the initial service of process was disputed, the trial court nonetheless awarded landlord possession prior to the jury trial. *Cf. Collins v. Shanahan, supra.* Under such circumstances, we conclude that landlord's claim and the relief granted were for, and in the nature of, a forcible entry and detainer. The fact that the resolution of that claim involved the interpretation of the lease, or a determination of the validity of the lease, does not, in our view, change the character of the proceedings.

Therefore, we conclude that the matter must be remanded to the trial court for a determination and award of reasonable attorney fees. Having so concluded, we need not address landlord's parallel arguments that he was entitled to attorney fees in accordance with § 13–17–102, C.R.S.2001, C.R.C.P. 11, or the provisions of the lease.

The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge NEY and Judge DAVIDSON concur.