No. 10,301.

STRAIGHT *v.* WESTERN LIGHT & POWER CO.

Decided April 2, 1923.

Action for personal injuries. Judgment for defendant.

*Affirmed.*

1.  PERSONAL INJURIES—*Negligence.* One who is injured by the negligence of another cannot recover, if by the exercise of ordinary care he might have avoided the consequence of that negligence.

2.  *Contributory Negligence.* If the plaintiff's injury is due in whole or in part to the fact that he negligently and without excuse placed himself in a position of known danger, he cannot recover.

3.  *Contributory Negligence.* One who goes into a position of danger without knowledge thereof, and upon the assurance of another of its non-existence, and thereafter becomes fully cognizant of the danger of the position, and negligently and without excuse remains and is injured, cannot recover damages for his injury.

    One may not rely upon the assurance of another as to the non-existence of danger in a certain locality, as against the evidence of his own senses.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Messrs. DANA, BLOUNT & SILVERSTEIN, for plaintiff in error.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error brought this action against defendant in error for damages for injuries sustained by an electric shock alleged to have been caused by the latter's negligence. For convenience the parties are hereinafter designated as in the trial court. At the close of all the evidence, the court, on defendant's motion, directed a verdict in its favor, and to review the judgment thereupon entered this writ is prosecuted.

Defendant operated an electric power plant near Lafayette, Colorado. It contracted with Hendrie & Bolthoff to cover the roof thereof with certain roofing material. Plaintiff furnished the labor for this job, and worked thereon personally, under contract with Hendrie & Bolthoff. Certain heavily charged electric wires ran through this roof and were insulated only from one to two feet above it. One Breiting assisted in the work. Plaintiff cut and rolled the material, Breiting spread hot asphalt on the roof, and plaintiff placed the roofing thereover and fitted it down. While so engaged, and without touching the high tension wires (as he and Breiting testify) plaintiff received an electric shock which threw him against the wires and caused his injuries. His contention is that this shock came from "leakage" or "creepage" of current due to improper construction. His position here is that there was sufficient evidence to carry the case to the jury and that the testimony of one of defendant's witnesses was improperly admitted. Contributory negligence was alleged and denied and defendant insists that proof thereof was overwhelming and uncontradicted. If so no other question need be considered.

We limit our examination to one circumstance, put in evidence by plaintiff and relied upon by defendant as proof

of contributory negligence. Plaintiff and Breiting began work about 9:30 a. m., and the injury to plaintiff was sustained about 3:30 p. m. About 11:00 a. m., these men had a peculiar experience which is thus fairly described in plaintiff's brief.

"Mr. Breiting was then standing outside of, but near, the framework and at a place where there were no wires within eight feet of the roof. The plaintiff Mr. Straight suddenly heard Mr. Breiting scream and saw him jerked or rocked or jumped quite a little ways out to the middle of the roof. When Straight came to him and asked what was the matter Breiting said he didn't know, but his arm was up and he was jerking and holding onto his leg. His shirt had two little holes burnt in it at the elbow about the size of match ends. These holes were burnt right into his arm and it was about half an hour before they went back to work again. They did not inquire or report about it to anybody because they had been assured that everything was perfectly all right as long as they didn't touch any of the high tension wires."

Plaintiff testified that two days before he began the work he was on the roof for the purpose of inspection with reference thereto and was warned by defendant's agent not to walk over certain wires because they sometimes leaked. "I don't want you to get near those at all until I have them tested out and raised up," added the agent. He further testified to the following conversation with the same agent on the morning he began work: "I said to him, 'Man, you ain't got those wires up yet. We can't work under those wires that way.' He says, 'You can work under them.' I says, 'They are too low down.' He says, 'I think you can work under them.' I says, 'Suppose they are leaking,' and he says, 'They ain't leaking now, you can go right ahead and work under them, they ain't leaking now' ".

If the two accidents occurred as described in plaintiff's evidence, and for the purpose of the motion and this re-

view it must be so assumed, then plaintiff was injured in the same way and by the same agency as Breiting.

One who is injured by the negligence of another can not recover if by the exercise of ordinary care he might have avoided the consequences of that negligence. *Colo. Cent. R. R. Co. v. Holmes,* 5 Colo. 197.

One whose injury is due, in whole or in part, to the fact that he has negligently and without excuse placed himself in a position of known danger can not recover. *Jackson v. Crilly,* 16 Colo. 103, 107, 26 Pac. 331.

The rule is equally applicable to one who having taken such position without knowledge of the danger, or even upon assurance of its non-existence, thereafter becomes fully cognizant of the danger of the position and negligently and without excuse remains. The reason for the rule applies with double force where the danger is apparent but its source and method of approach are hidden.

Plaintiff knew the character of the plant upon which he was working; that certain of the wires penetrating this roof carried tremendous charges of electricity; that there was such a thing as "leakage" or "creepage" of current; and that when this was taking place it was extremely dangerous to go near the source of it. The first accident was so extraordinary, and so inexplicable and mysterious upon any other thory than that of leaking electric current, as to partake of the supernatural. No more impressive warning of a dangerous condition existing at that time in the vicinity of that structure could have been conveyed. Plaintiff was not entitled to consider any assurance of safety by one not acquainted with that demonstration as against the evidence of his own senses. When without other excuse than his desire to finish the work he voluntarily remained in the place of danger without inquiry or report he was guilty of such contributory negligence as to prevent a recovery. The motion for a directed verdict was properly sustained. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER not participating.

MR. JUSTICE ALLEN sitting as Chief Justice.