Michael K. MLADJAN and Kim Andrews–Mladjan, Plaintiffs–Appellees,

v.

PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Defendant–Appellant.

No. 88CA1872.

Colorado Court of Appeals,
Div. I.

May 10, 1990.
Rehearing Denied June 14, 1990.
Certiorari Denied Sept. 24, 1990.

Cockrell, Quinn & Creighton, Richard M. Foster, Schaden, Swanson & Lampert, Richard F. Schaden, Bruce A. Lampert, Denver, for plaintiffs-appellees.

Kelly, Stansfield & O'Donnell, Timothy J. Flanagan, Kevin W. Hecht, Denver, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Public Service Company of Colorado, appeals a judgment entered on a jury verdict finding it liable for personal injuries suffered by plaintiff Michael K. Mladjan. We affirm.

Plaintiff Michael K. Mladjan was a city employee injured in the course and scope of his employment. Mladjan was delivering dirt to a construction site when he drove the extended bed of a dump truck into three overhead high voltage power lines. When the tires of the truck began to smolder, Mladjan safely exited the vehicle. However, he failed to notice the presence of the powerlines and received severe electrical burns when he attempted to re-enter the truck to retrieve a fire extinguisher.

## I.

▆ Public Service contends that the jury should have been instructed that Mladjan's activities violated § 9–2.5–102, C.R.S. (1986 Repl.Vol. 3B) because he brought the bed of the dump truck within ten feet of the high voltage overhead power lines. We disagree.

Section 9–2.5–102 provides, in pertinent part, that:

"Unless danger against contact with high voltage overhead lines has been effectively guarded against as provided by § 9–2.5–103, [C.R.S. (1986 Repl.Vol. 3B)], *a person or business entity* shall not, individually or through an agent or employee, perform or require any other person to perform any function or activity upon any land, building, highway, or other premises if, at any time during the performance of any function or activity it could reasonably be expected that the person performing the function or activity could move or be placed within ten feet of any high voltage overhead line or that any equipment, part of any tool, or material used by the person could be brought within ten feet of any high voltage overhead line during the performance of any function or activity."

Section 9–2.5–101(4), C.R.S. (1986 Repl. Vol. 3B) defines "person or business entity" to mean "a party contracting to perform any function or activity upon any land, building, highway, or other premises." Mladjan, being a city employee and not a contracting party, is not a "person or business entity" as referred to in § 9–2.5–102, and therefore, we conclude that the trial court did not err in refusing to instruct the jury concerning the principle of negligence *per se* based on a violation of that statute.

## II.

▆ Public Service contends that, under the circumstances of this case, it was not required to exercise the highest degree of care because Mladjan was not a member of the general public who was unable to recognize or guard against dangers of exposed power lines. We disagree.

Whether a defendant owes a legal duty to a particular plaintiff is a question of law. *Metropolitan Gas Repair Service Inc. v. Kulik*, 621 P.2d 313 (Colo.1980). What constitutes reasonable care varies according the degree of risk of harm associated with a particular activity. *Blue Flame Gas Inc. v. Van Hoose*, 679 P.2d 579 (Colo.1984).

The activity of delivering electricity is one which has been held to be so inherently dangerous and to involve such a high degree of risk to others that, as a matter of law, those engaged in such an activity are held to the highest degree of care. *Smith v. Home Light & Power Co.*, 734 P.2d 1051 (Colo.1987).

Evidence concerning Mladjan's familiarity with electricity has no relationship to the standard of care owed by Public Service in maintaining its lines as that standard has been determined as a matter of law. However, such evidence does relate to the issue of comparative negligence. *See Intermountain Rural Electric Ass'n v. Coonrod*, 173 Colo. 1, 476 P.2d 44 (1970); *Straight v. Western Light & Power Co.*, 73 Colo. 188, 214 P. 397 (1923).

## III.

■ Public Service contends that the trial court erred in not instructing the jury to assess the city's negligence and to reduce whatever damages might be assessed against Public Service to a level proportionate to Public Service's liability. We disagree.

The General Assembly enacted § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A), which was made applicable to all civil actions commenced on or after July 1, 1986, to eliminate the problem of a tortfeasor bearing disproportionate liability where another tortfeasor is not a party to the action. *See* Colo.Sess.Laws 1986, ch. 108, § 13–21–111 at 682; *Williams v. White Mountain Construction Co.,* 749 P.2d 423 (Colo.1988).

However, prior to enactment of § 13–21–111.5, the negligence of nonparties to an action could not be considered in resolving the issue of comparative negligence. *National Farmers Union Property & Casualty Co. v. Frackelton,* 662 P.2d 1056 (Colo.1983).

Here, the action was commenced prior to July 1, 1986, and, therefore, § 13–21–111.5 does not apply. Thus, under the holding in *National Farmers Union Property & Casualty Co. v. Frackleton, supra,* the trial court properly excluded evidence of the city's negligence.

## IV.

■ Public Service contends that the trial court erred in giving an instruction on the "sudden emergency" doctrine. We agree, but conclude that the error was harmless under the circumstances.

The instruction given was based on *CJI–Civ.3d* 9:10 (1988) and stated:

"A person who, *through no fault of his own,* is placed in a sudden emergency, is not chargeable with negligence if he exercises that degree of care which a reasonably careful person would have exercised under the same or similar circumstances." (emphasis added)

An instruction may be given only if supported by the evidence. *Converse v. Zinke,* 635 P.2d 882 (Colo.1981). We agree with Public Service that the evidence does not support a finding that the truck's catching on fire was through no fault of Mladjan. However, the instruction is an evidentiary guide for applying the prudent man rule, and thus, since the jury found Mladjan to be contributorily negligent, the giving of the instruction did not constitute reversible error. *See Phillips v. Monarch Recreation Corp.,* 668 P.2d 982 (Colo.App. 1983).

## V.

■ Public Service contends that the trial court erred, as a matter of law, by not awarding Public Service attorney fees and costs following a mistrial entered on the first trial. We disagree.

Generally, attorney fees are not recoverable unless authorized by statute or contractual agreement. *E.F. Hutton & Co. v. Anderson,* 42 Colo.App. 497, 596 P.2d 413 (1979).

Under § 13–17–102(4), C.R.S. (1987 Repl. Vol. 6A), attorney fees and costs may be awarded if an attorney or party unnecessarily expands the proceeding by improper conduct. However, whether to award reasonable fees and costs to a party in any action is a matter within the discretion of the trial court. *Hart & Trinen v. Surplus Electronic Corp.,* 712 P.2d 491 (Colo.App. 1985).

In determining whether to award attorney fees and costs as a sanction for attorney misconduct, a court is "directed toward penalizing egregious conduct without deterring a lawyer from vigorously asserting his client's rights." *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

Here, a mistrial was granted because the trial judge felt that he could no longer be impartial. Throughout the first trial, the court had sustained several objections by defense counsel to plaintiffs' counsel's attempts to introduce excluded evidence. Towards the end of the trial, plaintiffs' counsel brought in a senior partner from his law firm as a "potential witness" for a "potential case." The court viewed counsel's actions as threatening him with a grievance action, "another seed" of such consequence that a mistrial was warranted.

However, the trial court refused to award attorney fees and costs because it found the plaintiffs' attorney's actions to be the product of overzealous, not ill-motivated, behavior. Under the circumstances, we conclude that the trial court did not abuse its discretion.

## VI.

 Public Service contends that plaintiffs are not entitled to prejudgment interest for the period of delay in the entry of a final judgment caused by the mistrial. We disagree.

Prejudgment interest is part of the damage award and is compensation to plaintiffs for the loss of the use of the money to which they have been found to be entitled. *Heid v. Destefano*, 41 Colo.App. 436, 586 P.2d 246 (1978). Section 13–21–101, C.R.S. (1987 Repl.Vol. 6A) mandates, without any discretion being given to the trial court, that prejudgment interest be calculated from the date the action accrued until the date judgment was entered.

Public Service's remaining contentions are without merit.

Judgment affirmed.

STERNBERG and PLANK, JJ., concur.